WOLCOTT D. F. PUTNAM & others *vs.* MUNROE GLEASON.

A testator devised " to my daughters P. and G., for the term of their natural lives, all my
real estate, to be held by them to their own use and behoof during life, as tenants in
common, and at their death to their heirs and assigns." *Held,* that G. took, by the Gen.
Sts. *c.* 89, § 12, a life estate in an undivided half of the real estate, the remainder in
which half was contingent until her death, when it vested in those who were then her
heirs at law; and that no proceedings in a suit for partition between the tenants for life
could affect the question in whom such remainder should vest.

WRIT OF ENTRY, suomitted for the determination of the full ccurt on agreed facts, tne substance of which appears in the opinion.

*J. S. Page*, (of Illinois,) for the demandants.

*H. L. Dawes & T. P. Pingree*, for the tenant.

FOSTER, J.   The determination of this cause depends upon the construction of the second clause in the will of Henry Putnam, namely : " I give, devise and bequeath to my two daughters, to wit, Julia, wife of Phinehas L. Page, Martha A., wife of Munroe Gleason, for the term of their natural lives, all my real estate of every name and nature, and wherever situated, to be held by them to their own use and behoof for life, as tenants in common, and at their death to their heirs and assigns forever."

The question is, who are entitled to the remainder after the life estate of Mrs. Gleason (who has died leaving no children, and whose husband is the tenant in this real action) ?   The demandants are Mrs. Gleason's heirs at law, her brothers and sister, the surviving children of Henry Putnam, the testator.

It is beyond reasonable doubt that Mrs. Gleason took only a life estate in the undivided half of her father's real estate, by virtue of the Massachusetts statute abolishing the rule in *Shelley's case*, " When lands are given by deed or will to any person for his life, and after his death to his heirs in fee, or by words to that effect, the conveyance shall be construed to vest an estate for life only in such first taker and a remainder in fee simple in his heirs."   Gen. Sts. *c.* 89, § 12.

The devise under consideration is plainly one of the cases contemplated by this statue.   The grave question is, whether the remainder is vested or contingent.   The demandants contend tnat the remainder vested only upon the death of Mrs. Gleason in such persons as were then her heirs at law.   And such is the construction which we adopt.   " A remainder is contingent whilst the person to whom or the event upon which it is limited to take effect remains uncertain."   4 Kent Com. (6th ed.) 208, note.   The present case is Fearne's fourth, or Blackstone's second, class of contingent remainders, namely, " a remainder limited to a dubious and uncertain person."   At common law, by

virtue of the rule in *Shelley's case*, Mrs. Gleason would have taken an estate in fee; and no such question as the present could have arisen. But the operation of our statute is to reverse this rule, " and make it a life estate in the first taker, with a contingent remainder to his heirs; contingent because *nemo est hæres viventis*, and the heirs of such life tenant cannot be ascertained till his death." *Barton* v. *Bigelow*, 4 Gray, 357.

The case most resembling the present to be found in our reports is *Richardson* v. *Wheatland*, 7 Met. 169, in which the principles by which we must be guided are fully expounded. Undoubtedly the law favors vested rather than contingent remainders; but not to the extent of disregarding the intent of the testator, or rejecting the natural import of the language he has used. *Blanchard* v. *Blanchard*, 1 Allen, 223, and *Abbott* v. *Bradstreet*, 3 Allen, 587, two recent cases in which remainders were held to be vested and not contingent, were both limitations after the life estate to the children or heirs of the testator himself.

The word " heirs " in a will has sometimes been construed to mean children. But such is not its ordinary legal signification; and, being a technical word, it must be construed according to its well defined legal meaning, unless there is something in the context of the will which satisfies the court that the testator used it in a different sense. We find nothing in this will to indicate an inability to use technical language with precision; or an intention that the phrase " heirs " should receive any peculiar and special construction. Nor does the result of holding that the remainders after life estates of the two daughters were contingent, and vested only upon the death of each in those then proving to be her heirs, appear in any respect to contravene the general design of the testator in the distribution of his property.

The proceedings in the suit for partition between the tenants for life cannot possibly affect the question who are the persons in whom the contingent remainder shall vest.

*Judgment for the demandants.*