NELSON D. ALVERSON *et al. vs.* MOSES R. RANDALL *et als.*

Devise as follows: "I give and devise to my son W." certain specified realty, "to him my said son W. to hold during his natural life, and after his decease I give and devise the same to the oldest male heir of my said son W. and to his heirs and assigns forever."

W. had a son and a daughter both living when the devise was made. The son died subsequent to the testator's death and without issue; afterwards W. died, and then the daughter, without leaving issue.

*Held,* that W. took an estate for life, and W.'s son a contingent remainder dependent on his surviving W.

The devise above given was followed by a residuary gift as follows: "I give and bequeath unto my two sons, W. and C., jointly and severally, all the rest and residue of my estate both real and personal to be divided equally between them."

*Held,* that the devise "to the oldest male heir" of W. being contingent, there remained in the specified realty an estate subject to the contingency to be disposed of, and that this estate passed under the residuary clause.

*Held,* further, that the contingent devise having failed, W. and C. took each an undivided moiety of the specified realty.

TRESPASS AND EJECTMENT. Heard by the court, jury trial being waived.

*July* 3, 1880. DURFEE, C. J. This case, which is trespass and ejectment for certain real estate in Johnston, involves a construction of the third and seventh clauses of the will of Caleb Alverson, Senior, who died April 30, 1824. The third clause is as follows, to wit: " Thirdly, I give and devise to my son Welcome Alverson all the land and buildings thereon standing that I purchased of Coman, containing about forty acres, together with my wood-lot that I purchased of Grindall Rawson, and all the real estate that may hereafter descend or be given to me by my honored mother, Lydia Alverson, situated in said Johnston, to him my said son Welcome, to hold during his natural life, and after his decease I give and devise the same to the oldest male heir of my said son Welcome, and to his heirs and assigns forever. My will further is that my said son Welcome pay to my son Caleb one hundred dollars." The seventh clause is as follows, to wit : " Seventhly, I give and bequeath unto my two sons Welcome and Caleb, jointly and severally, all the rest and residue of my estate both real and personal to be divided equally between them, and to pay all my just debts and funeral expenses equally alike." The will was executed May 10, 1822.

At the death of Caleb Alverson, Senior, his only heirs at law were his two sons, Welcome and Caleb, and the issue of two daughters deceased. His son Welcome died October 5, 1867. He had issue a daughter, Emily Alverson, who was born September 10, 1817, and who died without issue March 7, 1878, and a son, Albert G., who was born in 1819, and was accordingly in being at the execution of the will, but died without issue July 7, 1836. The said Emily held the lands devised by the third clause of the will of Caleb Alverson, Senior, being the lands here in suit, after the death of her father, as his heir at law, until her decease. The defendants Randall and Boyd claim them as devisees under her will, and the Coventry Savings Bank as mortgagee under a mortgage executed by her in her lifetime. The plaintiffs are the heirs at law of Caleb Alverson, Junior, and bring this action for an undivided moiety of the lands under the residuary devise to Caleb, Junior, contained in the seventh clause of the will.

. It is not claimed by the parties on either side that under the third clause Welcome Alverson took an estate tail or anything more than an estate for life. The defendants contend that the remainder in fee devised to the oldest male heir of Welcome vested, immediately on the death of the testator, in the son of Welcome, and, on his death, descended to Welcome as his sole heir, and from Welcome descended to Emily, under whom the defendants are entitled. The plaintiffs contend that the remainder was contingent; it being uncertain during the life of Welcome who his oldest male heir would be, or whether he would have any male heir; and that, inasmuch as he did not leave any male heir, the devise to his oldest male heir failed, and the estate passed under the seventh clause, in equal moieties, to the residuary devisees or their heirs. The principal question, therefore, is, whether the remainder was vested or contingent.

The leading authority is *Archer's case*, 1 Rep. 66 *b*. There it was decided that a devise to A. for life, and afterwards to his next heir male in the singular and to the heirs male of the body of such next heir male, created an estate for life only in A., with contingent remainder to his next heir male. The report states that A. had issue John, but does not clearly show whether said issue was born before or after the execution of the will. The case has been

repeatedly reaffirmed.. *Clerk* v. *Day*, 1 Cro. Eliz. 313; *King* v. *Melling*, Vent. 214; *Willis* v. *Hiscox*, 4 Myl. & C. 197; *Chamberlayne* v. *Chamberlayne*, 6 El. & B. 625; *Dunwoodie* v. *Reed*, 3 Serg. & R. 435; *Canedy* v. *Haskins*, 13 Met. 389; *Waker* v. *Snowe*, Palm. 359; *Bayley* v. *Morris*, 4 Ves. Jun. 788. These cases show that when the devisee for life has no male issue at the date of the will the remainder is contingent. The question is whether it is not also contingent even if there be such issue. The defendants contend that in that event the words "oldest male heir" must be construed to be simply a designation of the oldest male issue then living, and consequently that the remainder vests in the person so designated as soon as the will goes into effect. According to this construction, the remainder here vested in the son of Welcome Alverson immediately on the death of Caleb Alverson, Senior.

Strictly speaking, of course no person can be the heir of a person still living. *Nemo est hæres viventis.* Nevertheless a child is often called the heir of a living parent, the word "heir" being used in the sense of "heir apparent." The defendants contend that the word was so used here, and cite many cases, some of which are strongly in point, in support of this construction. *Bowers* v. *Porter*, 4 Pick. 198; *Goodright* v. *White*, 2 W. Black. 1010; *Heard* v. *Horton*, 1 Denio, 165; *Vannorsdall* v. *Van Deventer*, 51 Barb. S. C. 137. We think, however, the true doctrine is that the word heir is to be taken in its technical sense, unless there is something either in the language or the circumstances of the devise to show that it was used in the sense of heir apparent; and we think it will be found, on a critical examination, that the cases cited for the defendants are not inconsistent with this doctrine. .That this is the true doctrine, see *Winter* v. *Perratt*, 5 B. & C. 48, 64; *Richardson* v. *Wheatland*, 7 Met. 169; *Putnam* v. *Gleason*, 99 Mass. 454; *Williamson* v. *Williamson*, 18 B. Mon. 329. We find nothing either in the language or the circumstances of the devise here to support the construction for which the defendants contend. On the contrary, it seems to us that if the testator had intended to give the remainder to the son of Welcome Alverson, without regard to whether he lived to be the heir of Welcome Alverson or not, it would have been more natural as

well as more unambiguous for him to have given it to the son by name, and consequently that his not doing so is evidence that he did not intend the son to take, unless he should survive his father and so become his oldest male heir. ` We decide, therefore, that the remainder did not vest in the son, and of course that Welcome Alverson did not inherit it from him.

The next question is, What estate have the plaintiffs in the lands in suit? The plaintiffs contend that, the contingent devise having failed, the estate passed under the residuary devise in the seventh clause to Welcome Alverson and Caleb Alverson, Junior, and that one undivided moiety or half part thereof is now vested in them as heirs at law of said Caleb. We think this view is correct. The testator had a right to dispose of his whole estate ; and, the devise to the oldest male heir of Welcome Alverson being contingent, there remained subject to the contingency an estate to be disposed of. We see no reason why that estate cannot pass under the residuary clause of the will. 4 Kent Comment. *257 ; 2 Washburn Real Property, 3d ed.‡548–9, and cases cited. We give the plaintiffs judgment for one undivided half part of the lands in suit and for costs.

*Judgment for plaintiffs.*

*Tillinghast & Ely*, for plaintiffs.

*B. B. Hammond, Dexter B. Potter, & Andrew B. Patton*, for defendants.