MARY F. SPEAR, and others, petitioners for partition,

*vs.*

MARY A. FOGG, and others.

Androscoggin.    Opinion January 16, 1895.

*Will. Vested and Contingent Remainder.    Costs.    R. S., c. 88, § 10.*

The following devise by will was *held* to create a contingent, and not a vested, remainder in the children of the devisees respectively : " I give to my sisters, Mary S. Pecker and Frances S. Fogg, in equal shares, all the rest and residue of my estate, real, personal, or mixed, of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease, to have and to hold the same for and during the term of their natural lives, and at their decease, to descend to their children respectively, and to be equally divided among them or the survivors of them."

*Also,* that the children of one of the devisees, Mary, having all died intestate and without issue before her, the estate descends to the heirs of the testator. They being brothers and sisters it goes to their descendants respectively by right of representation.

ON REPORT.

This was a petition for partition in which the petitioners allege as follows :

Mary F. Spear, married woman and wife of Nahum Spear, Augusta A. Pettengill, married woman and wife of Leonidas Pettengill, both of Monmouth, in the county of Kennebec and State of Maine ; Charles H. Prescott of Haverhill, in the county of Essex, George Prescott and Edward Prescott, both of Boston, in the county of Suffolk, and all in the Commonwealth of Massachusetts, respectfully represent and show unto your Honors that they are seized in fee simple, and as tenants in common, of and in certain real estate, situated in Lewiston, in said county of Androscoggin, on the easterly side of Park street, and being the same real estate of which Lydia W. Prescott, late of said Lewiston, deceased, died seized and possessed (description of premises) ; each being seized of one undivided tenth part thereof, with one Mary A. Fogg, of Old Orchard, in the county of York, who is seized of one undivided half part thereof, &c.

Mary A. Fogg, the original respondent, filed no pleadings and made no defense. The respondents, George S., Charles E., and Frank B. Fogg and Clara M. Yates upon motion were admitted as parties respondent and filed a brief statement claiming title ; the petitioners filed a counter statement denying the title of said respondents.

The parties agreed to the following statement :

Lydia W. Prescott, a resident of Lewiston, died in 1856, or early part of 1857, seized in fee of the premises described in the petition. She died unmarried, leaving neither father nor mother. Her will dated March 25, 1856, was duly proved and allowed in Androscoggin county on the second Tuesday of March, 1857.

The residuary clause in said will as follows : "I give to my sisters, Mary S. Pecker and Frances S. Fogg, in equal shares, all the rest and residue of my estate, real, personal, or mixed,

of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease, to have and to hold the same for and during the term of their natural lives, and at their decease, to descend to their children respectively, and to be equally divided among them or the survivors of them. The said Mary S. and Frances S. to erect at my grave a suitable monument or grave stones, and furnish an iron fence sufficient to enclose my grave, together with the graves of my parents and sister, Clara."

The premises described in the petition constituted a part of said residuary estate. The said Frances S. Fogg and Mary S. Pecker went into occupancy of said premises under said devise, and continued to occupy the same as tenants in common until the death of Frances S. Fogg, which occurred August 30, 1881. And after the death of said Fogg, the said Mary S. Pecker continued to occupy said premises as co-tenant with the respondent Mary A. Fogg and those under whom she claimed title, until the death of said Mary S. Pecker which occurred June 3, 1893.

At the death of Frances S. Fogg, her surviving children were a son, George E. Fogg, and a daughter, Clara P. Myers; she also left a granddaughter, Fanny M. Crosby, who was the sole daughter of Charles E. Fogg, a deceased son of said Frances, who had died before his mother. Since October 25, 1884, the respondent Mary A. Fogg has acquired title to one undivided half part of the premises described in the petition, through certain conveyances from said George E. Fogg, Edward P. Myers, husband of Clara P. Myers, and said Fannie M. Crosby.

George E. Fogg died intestate October 15, 1892, leaving as his heirs at law three sons and one daughter, being the remonstrants, George T. Fogg, Charles E. Fogg, Frank B. Fogg and Clara M. Yates.

Clara P. Myers died intestate, after the death of her mother and prior to May 23, 1883, leaving no lineal descendants. The petitioners do not admit that Fanny M. Crosby had any title to said premises or any part thereof except such as she acquired as heir of said Clara P. Myers.

In her lifetime Mary S. Pecker had three children, Mary F., Clara P. and George A., of whom Clara P. and George A. were living and Mary F. had died prior thereto intestate and without issue at the date of said will and at the death of Lydia W. Prescott. All of the children of Mary S. Pecker died intestate, without issue.

Mary S. Pecker survived all her children and died leaving no lineal descendants. George A. Pecker was her last surviving child ; he died November 10, 1890, intestate, leaving his mother as his sole heir.

At the death of Lydia W. Prescott, her next of kin were two brothers, Samuel T. Prescott and Ebenezer Prescott and two sisters, the said Frances S. Fogg and Mary S. Pecker.

Samuel T. Prescott died intestate February 2, 1869, leaving as sole heirs at law, two sons, George Prescott and Edward Prescott, now living, being two of the petitioners.

Ebenezer Prescott died intestate March 21, 1887, leaving as sole heirs at law, three daughters, Mary F. Spear, Augusta A. Pettengill and Charles H. Prescott, being three of the petitioners.

*N. and J. A. Morrill,* for petitioners.

At the death of Mary S. Pecker, the title descended to her heirs, the petitioners, who are her nieces and nephews, excluding the respondents, who are grandnephews and grandnieces, children of George E. Fogg, a nephew, who died before Mrs. Pecker.

Mary A. Fogg files no pleadings and makes no defense.

The other respondents have been admitted upon motion and each claim title to one twenty-fourth part of the premises ; their claim of title is denied by petitioners, who are the nieces and nephews of Mary S. Pecker, and her heirs.

The first question for consideration is upon the claim of title made by the four new respondents. *Marr* v. *Hobson,* 22 Maine, 321.

At the death of Mary S. Pecker, the life tenant, June 3, 1893, the fee in one-half of the estate had vested in her by the prior deaths of her two children, Clara P. Pecker and George A.

Pecker, intestate and without issue; and the estate then passed to her nieces and nephews, who are the petitioners, to the exclusion of her grandnephews and grandnieces, who are the respondents contesting and claiming shares. R. S., ch. 75, § 1, par. V; *Davis* v. *Stinson*, 53 Maine, 493.

The general rule is, that where a will gives a life interest to one, with a devise over, either for life or in fee, to a definite class of persons, those take who constitute the class, not when the event occurs, but when the devise becomes operative by the death of the testator. *Merriam* v. *Simonds*, 121 Mass. 198, in which the language was "and after their [the life tenants] decease to be equally divided among their children or their legal representatives." *Whall* v. *Converse*, 146 Mass. 345; *Cummings* v. *Cummings*, 146 Mass. 501, in which the provision was, "and at her [wife's] decease to divide the principal equally between my blood relations." *Dorr* v. *Lovering*, 147 Mass. 530, 534; *Loring* v. *Carnes*, 148 Mass. 223. Upon this principle, Clara P. and George A. Pecker took a vested interest in the estate, at the death of the testatrix, and that interest descended to their mother, the life tenant, and at her death descended to her heirs, the petitioners.

First. The interest of the children of Mary S. Pecker was a vested remainder.

It has long been a settled rule of construction in the courts of England and America, that estates, legal and equitable, given by will, should always be regarded as vesting immediately, unless the testator has by very clear words manifested an intention that they should be contingent upon a future event; and no remainder will be construed to be contingent, which may consistently with the intention, be deemed vested. *McArthur* v. *Scott*, 113 U. S. 340; *Blanchard* v. *Blanchard*, 1 Allen, 223, 225; *Doe* v. *Considine*, 6 Wall. 458; *Leighton* v. *Leighton*, 58 Maine, 63; *Dingley* v. *Dingley*, 5 Mass. 535.

A devise for life, with remainder to the children of the life tenant, creates a vested remainder in the children, unless there is some expression sufficient to show the contrary. *Gibbens* v. *Gibbens*, 140 Mass, 102; *Pike* v. *Stephenson*, 99 Mass. 188;

*Wight* v. *Shaw*, 5 Cush. 56; *Bowditch* v. *Andrew*, 8 Allen, 339, 342; *Parker* v. *Converse*, 5 Gray, 336.

Second.   There are no words in the will of Lydia W. Prescott, sufficient, upon well established rules of construction, to show any intention that the remainder should be contingent.

At the death of the testatrix, as well as at the date of the will, two children of Mrs. Pecker, Clara P. and George A., were living.

There are absolutely no words of contingency such as, "to their children, if they shall be living at her death," or " to such of them as shall be living at her death," or " when he shall arrive at the age of twenty-one years, or at the death or marriage " of the life tenant, as in *Snow* v. *Snow*, 49 Maine, 159, or "should the wife die or marry, the land shall then be equally divided among the surviving sons," as in *Olney* v. *Hull*, 21 Pick. 311. In this case the estate in remainder is not limited to take effect either to a dubious or uncertain person, or upon a dubious or uncertain event.   *Hunt* v. *Hall*, 37 Maine, 363, 366; *Leighton* v. *Leighton*, 58 Maine, 63, 68.

In this instance the persons who were to take upon the death of the life tenant were living and ascertained : there was no time when there was not, or when there must not be, by force of the will, and the law governing its application, a person *in esse*, having a capacity to take whenever the possession should become vacant.   *Brown* v. *Lawrence*, 3 Cush. 390, 398; *Childs* v. *Russell* 11 Met. 16.

This will seems rather to belong to that class of cases, in which the terms of survivorship are referred to the death of the testator, and not to the termination of the particular estate. *Moore* v. *Lyons*, 25 Wend. 119; *Branson* v. *Hill*, 31 Md. 181; S. C. 1 Am. Rep, 40; *Mowatt* v. *Carow*, 7 Paige, 328; *Ross* v. *Drake*, 37 Pa. St. 373.

Nor do the words " at their decease" create any contingency. These words are construed to  refer to  the  time of payment or possession, and do not postpone the moment when the gift shall operate.   *Lombard* v. *Willis*, 147, Mass. 13, and cases cited ; *Doe* v. *Considine*, 6 Wall. 458; *Clews' Appeal*, 37 Pa. St. 23.

The use of the words "to descend," supports this view, for those words do not imply any contingency, or any postponement of the time when the remainder shall vest in interest, until the termination of the life estate ; but, like the word "inherited," they imply "taking immediately from the testator upon his death, as heirs take immediately from their ancestor upon his death." *McArthur* v. *Scott*, 113 U. S. 340 ; *Parker* v. *Converse*, 5 Gray, 336 ; *Dove* v. *Low*, 128 Mass. 38, in which the language was, "After the death or marriage of my surviving daughter taking under this item, the estate herein devised shall descend to those persons who may then be entitled to take the same as my heirs." Held, that the word "then" was not inserted by way of description of the persons who are to take, but by way of defining the time when they should come into the enjoyment of that which is devised to them, and that the devise over was to those who were the heirs of the testator at the time of his death. This result was considered to be "fortified by the use of the word 'decease,' which ordinarily denotes the vesting of the estate by operation of law in heirs immediately upon the death of the ancestor."

*H. Fairfield and L. R. Moore*, for respondents.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

HASKELL, J. "I give to my sisters, Mary S. Pecker and Frances S. Fogg, in equal shares, all the rest and residue of my estate, real, personal, or mixed, of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease, to have and to hold the same for and during the term of their natural lives, and at their decease, to descend to their children respectively, and to be equally divided among them or the survivors of them."

Does this devise create a vested, or a contingent remainder in the children of the devisees respectively ? If a vested remainder, the children of Mary having all died intestate and without issue before her, she inherited the same from them, and having since

died it goes to her heirs, nephews and nieces, the plaintiffs, petitioners in this case, to the exclusion of defendants, her grandnephews and nieces. But if a contingent remainder that never vested, it descended to the heirs of the testator, his brothers and sisters then living, and by right of representation to their descendants, both the plaintiffs and defendants, nephews and nieces and grandnephews and nieces. The share of Mary, however, going to her heirs, the plaintiffs, her nephews and nieces, and not to the defendants her grandnephews and nieces.

A vested remainder is an estate *in presenti*, although to be enjoyed in the future. A contingent remainder is an estate to vest upon the happening of some future event.

The devise in question is to Mary for life, and at her decease equally to her children or to the survivor of them. If she had no children the remainder could not vest. If she had several, it would go to those surviving at her death, and it could not vest before that time, because of the uncertainty as to which of them might survive. If one only should survive, he would take and no mortal could tell which one he might be. None survived her, and none had any estate in the devise that she could inherit.

In *Hunt* v. *Hale*, 37 Maine, 363, the devise was to the widow for life, and at her decease equally among all his children and the "heirs of such as might then be deceased." And the court held the remainder contingent, from the uncertainty as to who would take at the death of the widow, an event to happen in the future.

In *Leighton* v. *Leighton*, 58 Maine, 63, the devise was to the widow for life, then to "My third son Reuel," and the court held the remainder vested, and distinguish between the case and *Hunt* v. *Hale*, *supra*, remarking in that case the division was to be equal "between the children of the testator and the heirs of such as may then be deceased," and that "if the estate were to be construed as vesting at the death of the testator, then one of the heirs might convey his share by deed, and if he died before the termination of the life estate, leaving heirs, his conveyance might defeat their estate, which would be contrary

to the express provision of the will." A reason that demonstrates the true construction of the will before the court; for if the remainder vested, a conveyance by one child, who should not prove to be the survivor, might deprive the survivor of estate specifically appointed to him by the will.

In *Read* v. *Fogg*, 60 Maine, 479, a deed gave a life estate to Margaret, and the remainder "after her decease to her legal heirs." The court held the remainder contingent; saying the heirs might be different individuals during the continuance of the life estate, and therefore the remainder was contingent. That "such has been the uniform decision of this State and in Massachusetts," citing *Hunt* v. *Hale, supra*; *Richardson* v. *Wheatland*, 7 Met. 171; *Putnam* v. *Gleason*, 99 Mass. 454. See also *Smith* v. *Rice*, 130 Mass. 441; *Denny* v. *Kettell*, 135 Mass. 138, a case exactly in point.

Under the settled doctrine in this State, the remainder mentioned in the devise in question was contingent and did not vest, therefore the estate descends to the heirs of the testator. They were brothers and sisters, and it goes to their descendants respectively by right of representation. Mary's share, however, goes to plaintiffs only.

*Partition accordingly, with costs for defendants.*
*R. S., c. 88, § 10.*