ROBERT H. GARDINER & another, trustees, vs. DUDLEY
B. FAY, trustee, & others.

Essex.    December 12, 1902. — January 8, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Deed*, Construction.    *Words*, " Joint heirs ", " As intestate estates are divided."

The joint heirs of a husband and wife are the heirs of both at the death of the survivor, as they cannot be determined before that time.

In a deed of trust, for the benefit of a husband and wife during their joint lives, and the life of the survivor, and after his or her death in fee to their joint heirs, " in the same way or manner as intestate estates are divided at law ", the quoted words mean that the children of a deceased child shall take their parent's share by right of representation.

A deed conveying real estate in trust, to permit a husband and wife, then having four children, to occupy it, or to receive the rents and profits of it, " during their joint lives and the life of survivor, and after his or her death to convey the same in fee to the joint heirs " of the husband and wife " in the same way or manner as intestate estates are divided at law; and in case there are no joint heirs " of the husband and wife " then to the heirs of the survivor", gives the property, at the death of the survivor, to the descendants of both husband and wife then living, children of a deceased child taking their parent's share by right of representation.

BILL IN EQUITY, filed April 15, 1902, by the trustees under a certain deed of trust from Joseph S. Leavitt to William D. Pickman and Joseph S. Fay, trustees, dated March 31, 1847, and supplemental deeds, praying for instructions as to the conveyance of the trust estate, the trust under the deed otherwise having terminated upon the death of Catherine S. Fay on November 26, 1901.

The case came on to be heard on the bill and answers before *Loring*, J., who at the request of the parties reserved it for determination by the full court, such decree to be entered as justice and equity might require.

*E. L. Dresel*, (*C. S. Rackemann* with him,) for the plaintiffs.

*F. R. Bangs*, for the trustees under the will of Richard S. Fay (the younger) and others.

*Roland Gray*, for Dudley B. Fay, individually.

*F. J. Stimson*, guardian *ad litem*, submitted a brief.

KNOWLTON, C. J.  The plaintiffs are trustees under a deed which conveyed real estate in trust, to permit Richard S. Fay and Catherine S. Fay his wife to occupy and improve it, or to receive the rents and profits of it " during their joint lives and the life of survivor, and after his or her death to convey the same in fee to the joint heirs of said Richard and Catherine in the same way or manner as intestate estates are divided at law ; and in case there are no joint heirs of said Richard and Catherine, then to the heirs of the survivor : — It being further understood however that said Richard and Catherine or the survivor, may by a declaration of trust, in writing, or by letters testamentary continue said estate in trust for the benefit of their heirs at law as before named " etc.  Richard S. Fay died on May 6, 1865, and Catherine S. Fay on November 26, 1901.  They had four young children at the date of the deed, of whom one survived at the decease of Catherine.  At the time of her death she also had numerous grandchildren.

The only question now left for the consideration of the court is, What is the meaning of the words " joint heirs " in reference to the time as of which the heirs are to be determined ?

The word " heirs " is a legal term to be construed according to its strict technical import, unless there is something in the context to control the meaning.  *Clarke* v. *Cordis*, 4 Allen, 466, 480.  Sometimes it means children or issue, where it is plain that it is used in a popular sense, as a word of description referring to a certain class of persons.  But in a deed where there is no reason to depart from the technical meaning it is given its usual legal signification.

The joint heirs of Richard and Catherine are the persons who are the heirs of both of them.  In the ordinary signification of the word " heir," no one could be an heir of Catherine before her death.  *Nemo est hæres viventis.*  *Richardson* v. *Wheatland*, 7 Met. 169.  *Houghton* v. *Kendall*, 7 Allen, 72, 75.  *Putnam* v. *Gleason*, 99 Mass. 454.  *Putnam* v. *Story*, 132 Mass. 205, 210.  *Wason* v. *Ranney*, 167 Mass. 159.  The foregoing cases go far toward settling the case at bar.  The joint heirs of Richard and Catherine are the heirs of both at the death of the survivor.  Their joint heirs could not be determined before that time, for one who died before the death of the survivor would not be his

or her heir. The words, "In case there are no joint heirs of said Richard and Catherine, then to the heirs of the survivor," have a clear and natural meaning on the theory that the joint heirs are to be determined as of the time of the death of the surviving life tenant; for the words "joint heirs" would mean descendants then living, and if there were none, the property would go to collateral heirs of the survivor. But they are inapplicable to the facts with the other construction; for there were four children living at the date of the deed, and upon the other theory they, and any others who might come into being, would be considered joint heirs within the meaning of the deed, and there could not be a condition which would make the quoted words applicable.

The words "in the same way or manner as intestate estates are divided at law" mean that the children of a deceased child take their parent's share by right of representation. This provision is given its natural meaning if joint heirs are determined as of the time of the death of the survivor. But if the other construction is adopted the remainder at the death of the surviving life tenant would be all vested in the living children, and the heirs, devisees, or assigns of the deceased children. It would be impossible to apply the rule of distribution of intestate estates, since no grandchild could take directly as one of the joint heirs of the life tenants. The vested interests of deceased children would all have passed to their devisees, assigns or heirs.

The trust property is to be conveyed to Dudley B. Fay, Richard S. Fay, Edward H. Fay, Katherine Fay, Richard Fay Parker, Augustine H. Parker, Katherine Everett, and William E. Stone and William F. Wharton, trustees under the deed of Henry M. Parker, in the shares and proportions to which they are severally entitled as heirs of Richard S. Fay and Catherine S. Fay, taking by right of representation, and as grantees under the deed of Henry M. Parker.

*So ordered.*