EDWIN W. MARSH & another, trustees, *vs.* EMELINE T. HOYT
& others.

Suffolk.　March 22, 1894. — May 28, 1894.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Devise in Trust — Vested Remainder.*

After giving to his wife his household goods, etc., a testator gave the residue of
his property to trustees to pay to his wife the net income for life, after her
decease an annuity for life to her niece, and as soon as might be after his wife's
decease certain money legacies, one of which of ten thousand dollars was on a
condition, and immediately after his wife's decease to set apart a trust fund of
five thousand dollars for one of his nephews. The sixth clause of the will gave
two third parts of the residue to two of the trustees as their own, and the seventh
clause was as follows : " It is my will that said surviving trustees, from and
after the decease of my said wife, (subject to the payment of said annuity and
legacies,) continue to hold in trust the other undivided third part of said rest
and residue of my said property and estate, including the amount of said legacy
of ten thousand dollars, should the same be forfeited for non-compliance with
the condition thereto annexed, and also including any unexpended portion of
said trust fund of five thousand dollars, but in trust, nevertheless, to be held,
managed, and invested by them with a view to safety and profit, and the net
income thereof paid semiannually to my niece A. for and during her life ; and,
to take effect at her decease, I give, bequeath, and devise said third part to her
children, in equal shares, to them, their heirs, executors, administrators, and
assigns forever." At the time of the making of the will and at the death of the
testator A. had four children, three of whom were living at the time of A.'s
decease, one having died previously never having had any children. *Held*, that
a right to one fourth of the trust estate vested in each of the children at the
testator's decease, and that the share of the deceased child, so far as real estate
being less than five thousand dollars in value, passed to her husband under
Pub. Sts. c. 124, § 1, and, so far as personal property, was to be paid over to
her administrator to be disposed of according to law as assets of her estate.

BARKER, J. After giving to his wife his household goods,
personal effects, and other articles of like nature, the testator
gave the rest of his property to trustees, to pay the net income
to his wife during her life. From and after her decease they
were to pay her niece an annuity for life, and as soon as might
be after his wife's decease they were also to pay certain money
legacies, one of which, of ten thousand dollars, was upon a
condition, and immediately after his wife's decease to set apart
a trust fund of five thousand dollars for one of his nephews.
The sixth clause of the will gave two third parts of the rest and
residue of the property to two of the trustees as their own, and
the seventh clause, under which the present controversy arises,

is as follows : " It is my will that said surviving trustees, from and after the decease of my said wife, (subject to the payment of said annuity and legacies,) continue to hold in trust the other undivided third part of said rest and residue of my said property and estate, including the amount of said legacy of ten thousand dollars, should the same be forfeited for non-compliance with the condition thereto annexed, and also including any unexpended portion of said trust fund of five thousand dollars, but in trust, nevertheless, to be held, managed, and invested by them with a view to safety and profit, and the net income thereof paid semiannually to my niece Anna A. Nye for and during her life ; and, to take effect at her decease, I give, bequeath, and devise said third part to her children in equal shares, to them, their heirs, executors, administrators, and assigns forever."

The testator died in the year 1869, and his wife in the year 1885. At the time of the making of the will and at the death of the testator Anna A. Nye had four children, three of whom are now living, and one of whom died on October 22, 1880, and she never had any other children, and died on June 19, 1893. Her child, who died on October 22, 1880, never had issue born alive, was domiciled in the State of New York, and died intestate, leaving a husband surviving, who is Edward G. Judson, and who has been appointed administrator of her goods and estate in this Commonwealth. As such administrator, he claims one fourth of the personalty of the fund to be distributed, and as surviving husband he claims one fourth of any realty, held under the clause quoted for the children of Anna A. Nye, up to the value of $5,000, under the provisions of Pub. Sts. c. 124, § 1.

On the other hand, the three surviving children of Anna A. Nye claim each one full third of all the estate, real and personal, which was held for her benefit at the time of her death. In other words, these surviving children contend that the remainder to the children of Anna A. Nye was contingent, and did not vest until her death, and then vested in her surviving children only ; while the administrator and husband of the deceased child contends that the remainder vested, at the death of the testator, in the four children of Anna A. Nye, and that in right of his deceased wife, who was one of the four, he is entitled to one fourth part of the fund.

Whether the gift to the children of Anna A. Nye was vested

or contingent depends upon the meaning of the words " to take effect at her decease." Do they show an intention to postpone the vesting of the gift until her death, or to postpone until that event the enjoyment only of the gift?

We see no force in the argument made in favor of the three surviving children, that in previous parts of the will the testator has directed payments to be made from and after the decease of his wife, or as soon as may be after his wife's decease, or that immediately after his wife's decease a fund should be set apart, or that in the clause quoted the testator directs the trustees, from and after the decease of his wife, to continue to hold a third of the residue of his property in trust during the life of Anna A. Nye. The annuity would of course never become payable if the possible annuitant died, as was not the case in fact, before the death of the testator's wife; but the two third parts of the residue given by the sixth clause to two of the trustees is " subject nevertheless to the payment of the annuity and legacies aforesaid," and the testator says nothing to indicate that any of the legacies to natural persons should be payable only in case they survived his wife.

It is well settled that " no remainder will be construed to be contingent which may, consistently with the intention, be deemed vested," and that the absence of " words of contingency, such as ' if they shall be living at her death,' or ' to such of them as shall be living,' the usual and proper phrases to constitute a condition precedent," is to be taken into account. *Blanchard v. Blanchard,* 1 Allen, 223, 225, 226. Added to these considerations is the fact that the children to whom the testator was ultimately giving a substantial portion of his estate were alive when he made his will, and were his great-nieces, and were each of them likely enough to marry and to die leaving children before the death of their mother. If the testator had meant to make the interest of the children contingent upon their surviving their mother, we cannot but think that he would have made some explicit provision disposing of the property in case they should all die before her. Upon the whole, we are of opinion that the testator, by the words " to take effect at her decease," intended only to say that the third which he gave to the children should then be taken out of trust, and be theirs in right of possession, as well as in interest, and that in accordance .

with his intention, a right to one fourth of the trust estate vested in each of the children at his death. *Gibbens* v. *Gibbens*, 140 Mass..102. *Wardwell* v. *Hale, ante*, 396.

So far as the property is real estate, the share of the deceased child, being less than five thousand dollars in value, passed to her husband under the provisions of Pub. Sts. c. 124, § 1, and the petitioners should so treat it. So far as it is in personal property, the share of the deceased child should be paid over by the petitioners to the administrator of her estate in this Commonwealth, to be disposed of by him according to law as assets of her estate.

The deceased child at her death was domiciled in New York, and it appears that her husband and her surviving sisters are at variance as to the distribution of her estate; and it is agreed in this cause that the statutes of New York may be referred to as if in evidence. But the decision of this subsidiary controversy is not necessary to the determination of the matters in issue upon the petitioners' prayer for instructions, and we decline to consider it at the present time.        *Decree accordingly.*

*C. F. Jenney*, for the children of Anna A. Nye.

*E. C. Bumpus & E. M. Johnson*, for Edward G. Judson.