ELVIN W. HARDING, trustee, *vs.* CARRIE L. HARDING & others.

Suffolk.    March 28, 1899. — September 11, 1899.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Will — Termination of Trust — Gift Over to Children in Fee.*

A testator provided by will that on the decease of his widow the trust estate held for her benefit should be divided into two equal parts, the trustee, who was his son, to take the income of one moiety and to pay over the income of the other moiety to his daughter during life. " And on the decease of either of my said son or daughter, then, and not till then, I give and devise the said moiety, the income

of which is so given to him or to her for life, to their respective children in fee; but it is my will, and I direct that no division or partition of the moiety shall be made to and among my grandchildren until the youngest child shall reach the age of twenty-one years respectively, excepting, however, the income thereof." *Held*, on the death of the son, that in the connection in which they occur the words " then and not till then " import that the gift over was not to take effect until his death, and that his children then living took.

PETITION to the Probate Court for instructions as to the construction of the will of Edward Harding. The case was reserved by *Lathrop*, J., for the consideration of the full court.

After devises of two estates to his son and daughter, the testator provided as follows: " 7. All the rest and residue of my estate, real, personal, or mixed, of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease, I give, devise, and bequeath to my said son Edward Harding, Junior, to have and to hold to him and his legal representatives, forever ; but in trust and confidence, nevertheless, to have charge and manage the same, and from the income thereof to pay to my only sister, Elizabeth Thayer, widow of Zaba Thayer, sixty dollars a year for and during her life, the same to be paid quarterly, and to pay the balance of said net income to my said wife, Mary Elizabeth Harding, for and during her life ; and if the balance of said net income shall not be equal to the full sum of one thousand dollars a year, then and in that event I make the devise of the two estates to my said son Edward and my daughter Mary Elizabeth, conditional that they and their respective legal representatives shall in equal shares make up such deficiency to the full sum of one thousand dollars a year, the said one thousand dollars to be paid in quarterly sums. And on the decease of my said wife, I direct that all the said trust property be divided into two equal parts, and separated the one from the other, and that my said trustee take to himself the income of one moiety, and that he pay over to my said daughter to her sole and separate use, free from the control and interference and liability for the debts of any husband, the income of the other moiety, for and during her life. And on the decease of either of my said son or daughter, then, and not till then, I give and devise the said moiety, the income of which is so given to him or to her for life, to their respective children in fee; but it is my will, and I direct that no division or partition of the moiety

shall be made to and among my grandchildren until the young-
est child shall reach the age of twenty-one years respectively,
excepting, however, the income thereof."

The agreed facts recited that Edward Harding, Sr., died on
April 21, 1878, leaving a widow, Mary Elizabeth Harding, a
daughter, Mary E. Howland, and a son, Edward Harding, Jr.;
that the will of Edward Harding, Sr., which was made in 1872,
was duly admitted to probate; that in 1872 Edward Harding, Jr.,
was married, and had three minor children : Grace H., Elvin W.,
and Carrie L.; that Grace H. Harding afterwards married the
respondent, George E. Crawley, and the other respondents, ex-
cept Carrie L. Harding, were their minor children; and that
Edward Harding, Jr., died in 1895, leaving as surviving children
Elvin W. Harding and Carrie L. Harding, Grace H. Crawley
having deceased after the death of Edward Harding, Sr., and
before said Edward Harding, Jr., having, however, attained the
age of twenty-one years, and after said Carrie L., who was the
youngest child, had attained said age of twenty-one.   The trust
estate consisted of personal property only, and the share of Mary
E. Howland was distributed in 1885.

The Probate Court ordered the distribution of the trust estate
among Elvin W. Harding, Carrie L. Harding, and the adminis-
trator of the estate of Grace H. Crawley, deceased.   Elvin W.
Harding, who contended that the trust estate should be divided
between Carrie L. Harding and himself, appealed.

*H. W. Bragg & C. A. McDonough,* for the petitioner.

*C. H. McIntyre,* for Carrie L. Harding.

*C. B. Southard & T. Parker,* for the husband and children of
Grace H. Crawley.

MORTON, J.   The question in this case is whether the moiety
of the rest and residue of which the son had the income for life
vested in the children of the son living at his death, or in the
children of the son living at the death of the testator.   We think
that, in view of the peculiar language of the will, the moiety
must be regarded as vesting in the children who were living at
the son's death.   It seems to us that the words " on the decease
of . . . my said son or daughter, then, and not till then, I give and
devise the said moiety . . . to their respective children in fee,"
when taken in connection with what follows, more naturally point

to an intention on the part of the testator that the gift shall not take effect at all till the death of the son, than they do to the postponement of the enjoyment of a gift which had vested at the testator's death. The words " on the decease of " cannot have the construction more usually given to those or similar words of fixing the time when the enjoyment of the bequest is to begin, since the testator expressly directs in the same sentence " that no division or partition of the moiety shall be made to and among my grandchildren until the youngest child shall reach the age of twenty-one years respectively, excepting, however, the income thereof." The words " on the decease of " must therefore have been used by the testator *alio intuitu.* The words " then and not till then " are emphatic, and perhaps somewhat rhetorical. They show that in the disposition of his estate the testator placed especial stress on the arrival of some particular time, or the happening of some particular event in the future. That time or event was plainly the death of his son. And " then and not till then," the testator declares, " I give and devise the said moiety," of which the son had had the income, to his (the son's) children in fee, meaning, as it seems to us, the children who shall then be living. It is true that there are no words of contingency or survivorship; but those are not necessary, if it appears otherwise that it was the intention of the testator that the remainder should vest on the decease of his son in such of the son's children as should then be living. The change from the words " then and in that event," which occur earlier in the residuary clause, when the testator is providing for a possible deficiency in the income to be paid to his wife, to the words " then and not till then," where he gives and devises the moiety in fee to the children of his son, also seems to us significant, and to show that the testator understood what words would express a sequence of event and what words would describe a point of time at which his gift should take effect. It is also a circumstance to be noted that the testator nowhere manifests any intention to provide for the issue of any child of the son or daughter, but limits his bounty to the son and daughter and their children. And it seems to us also that the words " their respective children," in the connection in which they occur, more readily describe children living at the death of the

son or daughter than they do children who were living at the testator's death.

The defendant relies on *Shattuck* v. *Stedman*, 2 Pick. 468, and *Marsh* v. *Hoyt*, 161 Mass. 459. But in neither of those cases was it manifest, as we think it is here, that the remainder should not vest till the death of the life tenant. Of the two cases *Shattuck* v. *Stedman* more nearly resembles this, but even that differs from it in material respects.

Upon the whole case we are of the opinion, as already stated, that the children living at the death of the son take. *Olney* v. *Hull*, 21 Pick. 311. *Hale* v. *Hobson*, 167 Mass. 397. *Heard* v. *Read*, 169 Mass. 216.                    *Decree accordingly.*