CHARLES W. BOSWORTH, trustee, *vs.* EDWARD B. STOCKBRIDGE & others.

Hampden.   September 26, 1905. — October 18, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Devise and Legacy*, Construction.

It is a settled rule of construction still in force in this Commonwealth that interests given by will to be enjoyed in the future are held to vest upon the death of the testator unless the testator by his words clearly has manifested an intention that they shall be contingent upon a future event.

The fact, that by the provisions of a will the income of a fund is to accumulate before its distribution, does not show necessarily that the interests in the fund are to vest at the time of its distribution instead of at the death of the testator, but is at most only a circumstance to be considered with other circumstances in determining the testator's intention.

A testator by his will gave a certain fund as follows : "to my said executors in trust, that they pay the net income thereof to the three daughters of my deceased brother, C., in equal shares, and at the death of any one of them, that my said executors put the income of such one at interest until all of said daughters are dead, and then to divide the principal and the interest into six equal parts, and give one of said parts to my nephew, C., one to J., one to the children of R., one to A., one to the children of E., and one to the children of B., children and grandchildren of my brother, C., to have the same forever." *Held,* that the interests of the described children and grandchildren of the testator's brother, which were to be enjoyed after the death of the brother's three daughters, vested upon the death of the testator.

KNOWLTON, C. J.    This is a bill for instructions, brought by a trustee under a will.    The language of the will under which the questions arise is as follows: "One of said parts to my said executors in trust, that they pay the net income thereof to the three daughters of my deceased brother, Caleb Stockbridge, in equal shares, and at the death of any one of them, that my said executors put the income of such one at interest until all of said daughters are dead, and then to divide the principal and the interest into six equal parts, and give one of said parts to my nephew, Caleb Stockbridge, one to Joseph Stockbridge, one to the children of Randolph Stockbridge, one to Alphonso Stockbridge, one to the children of Eber Allis Stockbridge, and one to the children of Benjamin Stockbridge, children and grandchildren of my brother, Caleb Stockbridge, to have the same forever." Although the claimants are numerous, and their relations to the testator and the legacies particularly named are complicated, they all present in argument a single fundamental question, the answer to which will relieve us from further difficulty as to individual claimants.    This is: When did the rights of the children and grandchildren of the testator's brother, Caleb Stockbridge, vest ?    Had these persons vested rights in the property from and after the death of the testator, or, had they no rights, but only the possibility of acquiring rights before the time for the distribution ?

The general rule is familiar, that in cases of doubt in the construction of wills the law favors the creation of vested rather than contingent estates.    Speaking more specifically, in the language of Mr. Justice Gray in *McArthur* v. *Scott*, 113 U. S. 340, 378, " It has long been a settled rule of construction in the courts of England and America that estates, legal or equitable, given

by a will, should always be regarded as vesting immediately, unless the testator has by very clear words manifested an intention that they should be contingent upon a future event." This is the law of Massachusetts, controlling the later as well as the earlier decisions. *Abbott* v. *Bradstreet*, 3 Allen, 587. *Merriam* v. *Simonds*, 121 Mass. 198. *Minot* v. *Tappan*, 122 Mass. 535. *Hills* v. *Simonds*, 125 Mass. 536. *Teele* v. *Hathaway*, 129 Mass. 164, 165. *Loring* v. *Carnes*, 148 Mass. 223. *Shaw* v. *Eckley*, 169 Mass. 119. *Pierce* v. *Knight*, 182 Mass. 72. *Smith* v. *Smith*, 186 Mass. 138. *Hale* v. *Hobson*, 167 Mass. 397, *Harding* v. *Harding*, 174 Mass. 268, and other cases relied upon by some of the respondents, are not departures from this rule; but they are cases in which the court found, in the will, evidence of a clear intention that the estate should not vest until the death of the life tenant.

The fact that income is to be accumulated, after the estate vests in interest before it vests in possession, does not prevent the application of this rule. At most it is only a circumstance, to be considered with other circumstances, in determining the intention of the testator. See *Codman* v. *Brigham*, 187 Mass. 309, 314, explaining *Hale* v. *Hobson*, 167 Mass. 397, and *Cronan* v. *Adams*, 185 Mass. 436.

In the present case, if the only persons to receive the equitable remainder after the death of the daughters were the nephews, Caleb Stockbridge, Joseph Stockbridge and Alphonso Stockbridge, who are mentioned by name, no one would contend that their several interests did not vest at the death of the testator. Does it make any difference that three of the six parts are given to children of deceased nephews who are not mentioned by name? We think not. They stand in the places which their respective parents would have occupied if living. There is no good reason for holding that the rights of the children of each deceased nephew did not vest in them as a class, at the death of the testator, as the rights of the several living nephews vested in them respectively. In cases of this kind, where the testator seems to have intended to include all the persons who come within the description of the class, not only at the time of his death, but up to the time when the property vests in possession, it has often been held that, though the estate vests in interest at

the death of the testator, the devise will open to let in after-born children, up to the time fixed for distribution. *Moore* v. *Weaver*, 16 Gray, 305. *Dorr* v. *Lovering*, 147 Mass. 530, explaining *Lovering* v. *Lovering*, 129 Mass. 97. *Bowers* v. *Porter*, 4 Pick. 198, 210.

So far as the courts of New York differ from this view, in their application of the rule as to the vesting of estates where the gift over is, to a class instead of to an individual, their decisions may rest upon a construction of 1 Rev. Sts. of N. Y., pt. 2, tit. 2, § 13. See *In re Baer*, 147 N. Y. 348, and cases cited; *In re Hoadley*, 101 Fed. Rep. 233, 237 ; *Hale* v. *Hobson*, 167 Mass. 397, 398.

We are of opinion that there is nothing in this will to show an intention on the part of the testator that the rights of the other children, and the children of the deceased children, of Caleb Stockbridge, after the death of the three daughters, should not vest immediately upon his death. The gifts to Caleb Stockbridge and to Alphonso Stockbridge, passed to their respective issue, (R. L. c. 135, § 21,) and gifts, made to persons who died after the death of the testator and before the death of the last survivor of those entitled to a life interest, passed to the issue or legal representatives of such persons.

We do not deem it necessary to discuss further the rights of particular claimants.

*Decree accordingly.*

*M. B. Warner*, for the issue of Caleb Stockbridge.

*R. J. Talbot*, for Frances E. Knight.

*T. J. Hammond*, for certain heirs at law.

*W. W. Hyde*, (of Connecticut,) (*C. G. Gardner* with him,) for the executor under the will of Alphonso Stockbridge and others.