ANDREAS BLUME & another, trustees, *vs.* KATHARINE L. KIMBALL & others.

Suffolk. November 17, 1915. — January 10, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Devise and Legacy,* Whether vested or contingent. *Words,* "Legal heirs."

A will, all of whose provisions were for the benefit of the testator's widow and six children, by its ninth clause gave certain specified real estate to trustees to divide the net income among the widow and six children of the testator "until the decease of my last surviving child, after which my said real estate shall be divided among my legal heirs according to the rules of law." *Held,* that, there not being manifested in the will any intention that the estate given to the "legal heirs" should be contingent, it must be vested; and therefore that the "legal heirs" designated were those of the testator at the time of his death.

BILL IN EQUITY, filed in the Probate Court on May 25, 1915, by the trustees under the will of David Fullam, late of Fitzwilliam, New Hampshire, for instructions, "first, whether said testator intended by his said will that his said estate should be divided among those who were his 'legal heirs' at his death, or among those who would be his 'legal heirs' had he died surviving his last surviving child; second, whether said testator intended by his said will to impose upon his trustees the duty of dividing and distributing his real estate among his 'legal heirs;' third, whether said testator intended by his said will to give his trustees by implication from the power thus conferred upon them, the power to sell said real estate if it should be necessary so to do to more advantageously divide and distribute the same or the proceeds of the same among his 'legal heirs.'"

The first and second clauses of the will are immaterial. By the third, fourth and fifth clauses, specific bequests were made to the testator's wife and six children. By the sixth clause he directed that the rest of his property, except that described in the ninth clause, should be sold, and that the proceeds should be divided into seven equal parts and paid over to the persons above mentioned, with the exception that the part bequeathed to the widow should be hers for her life only and in case of her death should be added to the other parts. The seventh clause

provided for the contingency of any of the testator's children pre-deceasing him. The eighth clause declared that, with the consent of the testator's wife, the property given to her should be in lieu of dower. The ninth clause is quoted in the opinion.

In the Probate Court by order of *Grant*, J., a decree was entered to the effect that the words "legal heirs," above referred to, meant the heirs of the testator at the time of his death, and that their heirs and devisees were entitled to the proceeds in the hands of the trustees of so much of the property described in the ninth clause of the will as had been sold by the trustees, and were seised in fee and in possession of all of that real estate which then remained unsold and unconveyed.

Katharine L. Kimball, a granddaughter of the testator, appealed from the decree of the Probate Court, and filed objections which related only to that portion of the decree which ruled that the "legal heirs" referred to in the clause in question were the heirs of the testator at the time of his death.

The parties having filed an "agreed statement of facts and pleadings," the case was reserved by *Braley*, J., for the full court upon the pleadings and agreed facts.

*J. W. Spring*, (*E. H. Abbot, Jr.*, with him,) for the trustees, stated the case.

*H. M. Davis*, for the defendant Katharine L. Kimball.

*W. A. Hayes*, 2d, for the defendant Harriet F. Kimball and others.

*C. F. Eldredge*, for the defendant George E. Lothrop.

DE COURCY, J. The ninth clause of the will of David Fullam is as follows: " I do hereby give, devise and bequeath my estates in Bowdoin Square, and in Hawkins Street and in Shawmut Avenue, all in the City of Boston, and all other real estate of which I may die seized or possessed of, in said City of Boston, to my sons James F. Fullam and George J. Fullam, in trust, to manage the same to the best of their judgment, and to collect and receive all the rents and income from the same, and from such receipts to pay all the necessary expenses, taxes, insurance, repairs and the like; and then to divide the surplus into shares, and pay over said shares, as is provided in articles sixth and seventh, until the decease of my last surviving child, after which my said real estate shall be divided among my legal heirs according to the rules of

law." George J. Fullam, the last survivor of the six children of the testator, died on June 26, 1914.

The question before us, on the trustees' bill for instructions, is whether the testator intended that the estate should be divided among those who were his heirs, accurately speaking, that is those persons who would have taken his real estate as. of the time of his death if he had died intestate, — or among those who would have been his heirs if he had died in 1914, — the time of the death of his last surviving child, when the estate was to be divided. See *Welch* v. *Blanchard*, 208 Mass. 523.

"The general rule is familiar, that in cases of doubt in the construction of wills the law favors the creation of vested rather than contingent estates. Speaking more specifically, in the language of Mr. Justice Gray in *McArthur* v. *Scott*, 113 U. S. 340, 378, 'It has long been a settled rule of construction in the courts of England and America that estates, legal or equitable, given by will, should always be regarded as vesting immediately, unless the testator has by very clear words manifested an intention that they should be contingent upon a future event.' This is the law of Massachusetts, controlling the later as well as the earlier decisions." Knowlton, C. J., in *Bosworth* v. *Stockbridge*, 189 Mass. 266, 267. See also *Jewett* v. *Jewett*, 200 Mass. 310, and cases cited; *Upham* v. *Parker*, 220 Mass. 454.

This rule of interpretation must yield of course, where it appears with reasonable certainty from the whole will that the testator intended that the estate should not vest until the death of the life tenant. *Boston Safe Deposit & Trust Co.* v. *Blanchard*, 196 Mass. 35. *White* v. *Underwood*, 215 Mass. 299. In our opinion no such intention is manifested in the will of Mr. Fullam. He had it in mind only to provide for his widow, children, and the issue of any child that might pre-decease him. In addition to specific bequests, he assured for them an income by placing the real estate in the hands of trustees, while leaving each child free to sell or mortgage his or her share, if deemed necessary. As was said in *Abbott* v. *Bradstreet*, 3 Allen, 587, 593, "We think the intent of the testator was to appropriate the income of his estate to the support of his surviving children so long as any of them should live, and that beyond that he had no purpose to make any testamentary disposition." See *Whall* v. *Converse*, 146 Mass.

345, 348. The fact that life estates were given to his children does not manifest an intention that these same children should not finally take as his heirs. *Jewett* v. *Jewett, ubi supra.*

No appeal was taken from the decree of the Probate Court on the second and third questions propounded by the trustees, and those questions are not before us. It follows that the decree of the Probate Court must be affirmed, with costs of the appeal. *Ball* v. *Holland,* 189 Mass. 369.

*Decree accordingly.*