FRANK K. LINSCOTT, trustee, *vs.* MARY R. TROWBRIDGE & others.

Suffolk.   January 24, 1916. — May 17, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Devise and Legacy,* Vested interest.

A testator by his will gave nothing to any one who was not a near relation, gave specific legacies to his wife and to his only child, and gave the residue of his estate to trustees who, after paying certain annuities and during the lives of the wife and child, were to divide the income between them. If the child died before the wife, her share of the income was to be paid to the testator's nephews and nieces, children of his sisters and of a certain brother, equally, the issue of a deceased nephew or niece to take the parent's share by right of representation. The issue of another brother were entirely excluded from the benefits of the trust.

Upon the death of the survivor of the wife and child, the trustees were directed to retain a sum sufficient to pay the annuities and to distribute the rest of the estate "among my said nephews and nieces . . . share and share alike, the issue of any such deceased nephew or niece, taking its parent's share by right of representation," and, upon the death of the survivor of the annuitants, to pay over all sums remaining to the "same parties and in like manner." *Held,* that at the death of the testator the interest in remainder in the trust fund vested in the children then living of his sister and of the designated brother.

CARROLL, J.  George Baird, in his will dated May 13, 1889, after providing for the payment of his debts and making specific legacies to his wife and daughter, gave the residue of his estate to trustees who, after paying certain annuities, were to pay one half the income to his widow and one half to his daughter during their lives.  If his daughter survived his wife, the whole income was to be paid to her; if she died before the wife, her share of the income was to be paid to the testator's nephews and nieces, "children of my sisters and my brother Augustus, equally," the issue of any such nephew or niece, deceased, to take the parent's share by right of representation.  The issue of his brother Daniel was excluded from receiving any share in said income.

"Upon the death of the last survivor of my said wife and daughter," the trustees were directed to retain a sum sufficient to pay the annuities and to distribute the remainder of the estate "among my said nephews and nieces, children of my said sisters and my said brother Augustus, share and share alike, the issue of any such deceased nephew or niece, taking its parent's share by right of representation."

Upon the death of the last survivor of the annuitants, the trustees were to pay over all sums remaining to the "same parties and in like manner," and it was expressly stated that none of the fund or its income should be paid to the issue of his brother Daniel.

The testator died April 25, 1891, at the age of eighty-two years. Surviving him were his wife, Ann Baird, who died February 20, 1894, his daughter, Ellen Baird, who died February 11, 1915, and nine nephews and nieces, children of his sisters, and of his brother Augustus, and one nephew, George Baird, the son of his brother Daniel.  The last surviving annuitant died July 4, 1894.  Three nephews, one of them the son of his brother Daniel, and one niece, died after the death of the testator and before the death of the surviving life tenant, February 11, 1915.

The trustee brings this bill,* seeking instructions as to the distribution of the fund, some of the defendants contending that it should be distributed among those nephews and nieces of the testator, children of his sisters and of his brother Augustus, and issue of such deceased nephews and niece by right of representation, who were living on February 11, 1915, the date of the death of Ellen Baird; other respondents contending the fund should be distributed among those nephews and nieces of the said George Baird who were living on April 25, 1891, the date of the testator's death, or the legal representatives of any such nephew or niece, who may have deceased since that date.

The will provided for the testator's wife and child, his sisters, their children and the children of his brother Augustus. These beneficiaries were all alive and known to him when the will was made, and they were also alive at the time of his death. None of his estate was to go to strangers or to those who were not his near relatives. The objects of his bounty were known to him. It seems clear, from the language used and from the attendant circumstances, that the testator intended to dispose of all his estate and that he provided for its vesting at the time of his death. He did not intend that the remainder should be contingent until the happening of an event in the future, when the title was then to vest in those who until that time were doubtful and uncertain. The will speaks in clear and definite terms, none of which indicates an intention to postpone indefinitely the vesting in interest of the limitation to the nephews and nieces. On the other hand, they disclose a purpose to have a present interest pass to the defined nephews and nieces, to be enjoyed in the future after the particular estate had ceased. *Gibbens* v. *Gibbens,* 140 Mass. 102. *Crapo* v. *Price,* 190 Mass. 317, 320. *Gray* v. *Whittemore,* 192 Mass. 367, 378. *Boston Safe Deposit & Trust Co.* v. *Blanchard,* 196 Mass. 35. *Ware* v. *Minot,* 202 Mass. 512. *Southard* v. *Southard,* 210 Mass. 347.

The language of the will is the language of a present gift. It does not denote a gift to take effect in the future. Although the possession of the estate is limited by the occurrence of future events, the title and ownership in the clearly defined nephews and

---

* The suit was brought in the Supreme Judicial Court and was reserved by *Pierce,* J., for determination by the full court.

nieces is ascertained and fixed as of the time of the death of the
donor.   If a contingent remainder were contemplated, "words of
contingency, such as 'if they shall be living at her death,' or 'to
such of them as shall be living,' the usual and proper phrases to
constitute a condition precedent," would naturally be expected to
be found in the instrument creating the estate.   *Marsh* v. *Hoyt,*
161 Mass. 459, 461.   *Wood* v. *Bullard,* 151 Mass. 324, 333.   *Heard*
v. *Read,* 169 Mass. 216.   *Harding* v. *Harding,* 174 Mass. 268.
*Ball* v. *Holland,* 189 Mass. 369.   *Bryant* v. *Flanders,* 201 Mass.
373, 375.   *White* v. *Underwood,* 215 Mass. 299, 301.

Three distinct conditions are provided for by the testator,
namely, if his daughter died before his wife, the income to which
the daughter was entitled while living is to be distributed "to and
among my nephews and nieces, children of my sisters and my
brother Augustus," during the lifetime of his wife; upon the death
of the "last survivor of my said wife and daughter," the rest and
residue of the estate, the trustees retaining a sufficient sum to pay
the annuities, is to be distributed to "said nephews and nieces;"
upon the death of the last survivor of the annuitants, all sums then
remaining are to be paid "to the same parties and in like manner."

The "same parties" were to take on the happening of each
event.   It is evident the testator did not intend that one group
of persons should receive on the daughter's death the income pay-
able to her during her life, and another group of persons should
be paid a portion of the principal on the death of the surviving
tenant, and a still different group of persons should come into
ownership of what remained upon the death of the last annuitant.
If the will created contingent remainders, such results might have
happened, and different parties, instead of the "same parties,"
would have been owners of the various interests.

Construing the will as establishing a remainder vesting from
the date of the testator's death, it follows that the same set of
persons then owned all the rest and residue of his estate, and such
a construction is the only one we think consistent with the clearly
expressed desire of the testator.   *Rotch* v. *Rotch,* 173 Mass. 125.
*Whitman* v. *Huefner,* 221 Mass. 265.

It is contended that since it was the design of George Baird,
the testator, to exclude the issue of his brother Daniel from any
share in the estate, to construe the will as vesting the remainder

in the nephews and nieces living at the time of the testator's death, might have brought about the very result which he sought to avoid. In other words, if the will be construed thus, in the event of the nephews or nieces dying intestate and without issue after the testator's death, the issue of the brother Daniel surviving them might share in the estate as next of kin of the deceased nephews and nieces. The possible contingency of the issue of his brother Daniel sharing in his estate under these circumstances, in this indirect manner, was so remote that it is doubtful if it was considered or thought of by the testator. We think the argument is of no value in ascertaining the intention of the testator.

Aside from the presumption that a vested rather than a contingent remainder is contemplated, *Bosworth* v. *Stockbridge,* 189 Mass. 266, *Whitman* v. *Huefner, supra, Blume* v. *Kimball,* 222 Mass. 412, we are of opinion that, considering the particular language as well as the scope and purpose of the will, it was the intention of the testator to have his entire estate vest in possession and in remainder at the time of his death.

*Decree accordingly.*

*F. K. Linscott, pro se,* stated the case.

*E. H. Fletcher,* for Harriet W. Edes.

*B. P. Gray, pro se,* as administrator of the estate of Sophronia M. Wiswall, and for Edmund T. Wiswall.

*F. M. Copeland,* (*F. W. Fisher* with him,) for the administrator of the estate of William A. Frost and for Alice A. Frost.

*J. Lowell,* (*J. A. Lowell* with him,) for Helen B. Seidensticker.

*H. S. Riley,* for Mary R. Emerson and others.