CHARLES I. PORTER, trustee, *vs.* WILLIAM F. PORTER & others.

Essex.    January 10, 1917. — March 2, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Devise and Legacy.*

In a trust created by a will the fact that the trustees are authorized to expend principal of the trust fund for the support of the beneficiary for life and thereby decrease the share of the remainderman does not in itself establish an intention of the testator to postpone the vesting of the estate in remainder until the death of the beneficiary for life.

Nor does a provision that the remainderman upon the death of the survivor of two beneficiaries for life shall receive "the remainder of said principal and accrued interest, if any," show necessarily that the vesting of the fund in the remainderman is postponed until the interest can have accrued.

The general rule of construction in this Commonwealth, that interests given by will to be enjoyed in the future are held to vest upon the death of the testator unless the testator has manifested an intention to the contrary, here was applied to a bequest in trust which, after giving the income of a fund and the principal, if the trustees should deem it necessary, to a nephew and a niece of the testa-

trix and the survivor of them, upon the death of such survivor gave "the remainder of said principal and accrued interest, if any, to the children" of the nephew and the niece "to be equally divided among them, and in case the said" niece "leaves no children, then all of the said remainder . . . to the children of the said" nephew "share and share alike," and it was *held* that a son of the nephew took a vested remainder at the time of the death of the testatrix.

BILL IN EQUITY, filed in the Probate Court for the county of Essex on November 24, 1915, by the trustee under the will of Sarah Masury, late of Beverly, for instructions.

The Probate Court made a decree that by the true construction of the provisions of the will Fred C. Remmonds, mentioned in the opinion, took, upon the death of the testatrix, a vested interest in the trust fund.

On appeal to the Supreme Judicial Court the case came on to be heard before *De Courcy,* J., who at the request of the parties reserved it upon the pleadings and an agreed statement of facts for determination by the full court. The material portions of the will are quoted or described in the opinion.

*S. H. Hollis,* for the defendants William F. Porter and others.

*J. J. Winn,* (*C. R. Cammett* with him,) for the defendant Percy D. Morgan, administrator of the estate of Fred C. Remmonds.

DE COURCY, J. The trustee under the will of Sarah Masury seeks instructions as to the disposition of two trust funds in his hands and now ready for distribution. The first was a bequest of $2,000, of which the income and, if needed, the principal, was to be paid to Charlotte Woodbury, a sister of the testatrix. Upon the death of Charlotte, one half of the principal was to be paid to the son of Caroline W. Porter, a deceased sister, and the other half was to be held by the trustees for the benefit of the children of another deceased sister, Nancy W. Remmonds, namely, Charles T. Remmonds and Nancy E. Bachelder. The income of this half and the principal, if the trustees should deem it necessary, was to be paid to these two and the survivor of them. The will then directs: "and upon the decease of the survivor to pay the remainder of said principal and accrued interest, if any, to the children of the said Charles T. Remmonds and Nancy E. Bachelder to be equally divided among them, and in case the said Nancy E. Bachelder leaves no children, then all of the said remainder shall go to the children of the said Charles T. Remmonds, share and share alike."

The second fund of $2,000, was to be invested for the benefit of said Charles T. Remmonds and Nancy E. Bachelder. The income, and if need be the whole or any part of the principal, was payable to them and the survivor of them. The will proceeds: "And I hereby direct the said Trustees to pay the said sum of two thousand dollars, or such part thereof as shall remain unexpended together with the accrued interest or income, if any, to the children of the said Charles T. Remmonds and Nancy E. Bachelder, as soon as may be convenient after the decease of the survivor of the said Charles T. and Nancy E. to be equally divided among them. But should the said Nancy E. Bachelder leave no children then the whole of said remainder to go to the children of the said Charles T. Remmonds, share and share alike."

It is agreed that the testatrix died October 3, 1885. Her sister Charlotte Woodbury died on January 16, 1892; and the half of the fund payable after her death to Charles W. Porter has been fully distributed. Charles T. Remmonds, nephew of the testatrix, died in 1896; and his only child, Fred C. Remmonds, (who was living at the time the will was executed,) died on June 1, 1908, leaving no issue. The niece Nancy E. Bachelder never had a child; and she died on December 21, 1914.

The controlling question is whether the will gave Fred C. Remmonds, the son of Charles T. Remmonds (nephew of the testatrix) a vested interest in these two trust funds. The general rule of construction is well established, that such estates are to be deemed as vested from and after the death of the testator unless it plainly appears that he intended otherwise. *Minot* v. *Purrington,* 190 Mass. 336. *Blume* v. *Kimball,* 222 Mass. 412. This is especially true where the limitation over is made to children of the testator or to his relatives by blood or marriage, as is recognized in the case of *Crapo* v. *Price,* 190 Mass. 317, 320, 321, relied upon by the appellants. Recent illustrations of the application of this rule to nephews and nieces, are *Bosworth* v. *Stockbridge,* 189 Mass. 266, and *Linscott* v. *Trowbridge,* 224 Mass. 108. The fact that the trustees are authorized to expend principal for the support of the life tenant, and thereby decrease in size the share of the remaindermen, does not of itself establish an intention to postpone the vesting of the remainder until the life tenant's death. *Whitman* v. *Huefner,* 221 Mass. 265, 268. Nor does the fact that "accrued interest"

is to go to the remainderman necessarily put off the vesting of the fund until the income comes into existence. *Codman* v. *Brigham,* 187 Mass. 309. *Bosworth* v. *Stockbridge,* 189 Mass. 266, 268.

While the general rule of interpretation must yield where it appears with reasonable certainty from the whole will that the testator intended to postpone until the death of the life tenant the vesting of interest as well as of possession, we find no such intention manifested in the will of Sarah Masury. It seems clear that she intended to dispose of all her property; and (after a provision for her sister Charlotte) to divide it equally between the child of her deceased sister Caroline and the children of her deceased sister Nancy. Thus, the trust fund in which Charlotte had a life interest was given, one half to Charles W. Porter and the other half to Charles T. Remmonds and Nancy E. Bachelder, as already mentioned. When she provided a fund of $2,000 for the latter, she made a bequest of the same amount to Charles W. Porter. The residue was distributed in like manner; and in that clause the testatrix states "it being my will that the said Charles Woodbury Porter shall receive from my estate the same amount or share as the said Charles T. Remmonds and Nancy E. Bachelder together received." The codicil carries out the same purpose, with the children of Charles W. Porter substituted for him.

This equal division between the two branches was supplemented by specific provisions relating only to the share going to the children and grandchildren of her sister Nancy, and indicating an intention to keep the share in that branch. She knew that her niece Nancy E. Bachelder had no children; and the provision, applying to both trust funds, that if Nancy should leave no children the whole of the remainder should go to the children of Charles T. Remmonds, indicates that the testatrix intended the remainder to go to his only child Fred C. Remmonds unless Nancy or Charles should have other children to share it with him. It is also significant that the testatrix uses no language indicating that the remainder to her nephew's child or children was to be contingent on their surviving her niece Nancy, as was explicitly provided in the case of the children of that niece, if she had had any. *White* v. *Underwood,* 215 Mass. 299. *Linscott* v. *Trowbridge, supra.*

The Probate Court rightly construed the will as giving to said Fred C. Remmonds, upon the death of the testatrix, a vested in-

terest in said trust funds, and properly ordered their payment to the administrator of his estate.

*Decree affirmed.*