THE SECOND NATIONAL BANK OF BOSTON, trustee, *vs.* THE FIRST NATIONAL BANK OF BOSTON & others.

Suffolk.    February 8, 1934. — January 31, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, & DONAHUE, JJ.

*Devise and Legacy,* Remainder, Vested or contingent, Identity of beneficiary.

A testatrix by an article Second of her will gave pecuniary legacies to her sister and three named children of a deceased brother, "if they respectively survive me"; by an article Third gave a pecuniary legacy to a niece; and by an article Fourth gave three sums to a trustee, each in trust for one of three named children of a deceased sister. In each of such trusts, the income was to be paid to the named beneficiary for life and the principal was to be paid to others at his death. By an article Tenth the testatrix gave the residue of her estate to the trustee to pay the income to a life beneficiary and upon his death to "assign, transfer and convey . . . [a certain portion of the principal] to the persons named in Articles Second, Third and Fourth of this my will, and in proportion to the sums therein mentioned." Two of the three beneficiaries named in the fourth article made assignments of all their respective interests under the will. The eight persons named in the second, third and fourth articles all survived the testatrix. Two of those named in the second article and one of those named in the fourth article died before the life beneficiary named in the tenth article. After his death, the trustee sought instructions with respect to the distribution of principal under the quoted provision of the tenth article, and it was *held,* that

(1) The interests in remainder given in the tenth article vested at the death of the testatrix, and none of such interests failed because the person to or for whom it was given died before the life beneficiary;

(2) The gifts of such interests in remainder to "the persons named in" the fourth article were gifts to the trustee of the three trusts set up in the fourth article, and not gifts to the three named beneficiaries of such trusts;

(3) The assignments by two of said three beneficiaries were ineffective.

PETITION for instructions, filed in the Probate Court for the county of Suffolk on October 26, 1932, and afterwards amended, by the trustee under the will of Helena M. Kent, late of Boston.

In addition to the material facts stated in the opinion, it appeared that the eight persons named in articles Second, Third and Fourth of said will all survived the testatrix; that Charles M. Baker, Esther H. Baker and Ezra B. Barstow died before Mary E. Simonds; that the other five persons named in said articles survived her; and that Ezra H. Baker died in September, 1932.

The petition was heard by *Hitch,* J., by whose order the decree described in the opinion was entered. The First National Bank of Boston appealed.

*W. C. Plunkett,* stated the case.

*D. M. Hill, (D. M. Hill, Jr.,* with him,) for the respondent The First National Bank of Boston.

*A. M. Beale,* for the respondent Alice R. Barstow.

*M. E. Foster,* for the guardian *ad litem.*

*R. M. Robinson,* for Old Colony Trust Company and another, executors.

*H. W. Keyes, Jr., (E. Hutchins* with him,) for Gertrude Baker, executrix.

PIERCE, J.   This is an appeal by The First National Bank of Boston from a decree of the Probate Court for the county of Suffolk on a petition for instructions filed by The Second National Bank of Boston as trustee under the will of Helena M. Kent.

The testatrix died in April, 1917, and her will and one codicil were proved and allowed on May 17, 1917. She was a widow at the time of her death, and her heirs at law and next of kin were Esther H. Baker, a sister; the four children of Ezra H. Baker, a deceased brother; and the

three children of Sara C. Barstow, a deceased sister. Mary E. Simonds, the life tenant, died in August, 1932.

On October 9, 1930, Ezra B. Barstow executed an assignment of all his interest under the will of Helena M. Kent to The Atlantic National Bank of Boston, which subsequently transferred all its assets to The First National Bank of Boston. The First National Bank of Boston now claims an interest in the bequest under article Tenth, hereafter quoted in part, as successor assignee of Ezra B. Barstow, and otherwise makes no claim to the principal or income, the distribution of which is here involved.

The said Ezra B. Barstow left a will, the executors of which are the Old Colony Trust Company and S. Parkman Shaw, junior. By the fifth article of this will, which was probated and allowed on January 20, 1932, Ezra B. Barstow executed the testamentary power of appointment given him by article Fourth (c) of Helena M. Kent's will, appointing thereby one half of his interest under the Kent will to his wife and one half to the Old Colony Trust Company and S. Parkman Shaw, junior, as trustees for certain purposes.

Rogers L. Barstow, junior, a beneficiary under the trust created by article Fourth (b) of the will of Helena M. Kent, executed on March 18, 1926, an assignment of his interest under the will to one Mabel J. Martin. The Detroit Trust Company, executor under the will of Mabel J. Martin, claims an interest in said trust fund. The Detroit Trust Company, although named as respondent, did not appear and the bill was taken as confessed as to it.

The testatrix by article Tenth of her will left the residue of her estate to Charles M. Baker and Ezra Henry Baker, as trustees, to pay the net income to one Mary E. Simonds for life, "and upon the death of said Mary E. Simonds to divide the trust fund with all accumulations thereof into two equal parts, and assign, transfer and convey one part thereof to the persons named in Articles Second, Third and Fourth of this my will, and in proportion to the sums therein mentioned." Articles Second, Third, and Fourth are as follows: "*Second.* I give to my sister, Esther H. Baker, Fifteen thousand dollars; to my nephew

Charles M. Baker, Ten Thousand dollars; to my nephew Ezra Henry Baker, Ten Thousand dollars; to my nephew Arthur M. Baker, Ten Thousand dollars; — if they respectively survive me. *Third.* I give to my niece Esther Mary Hitchcock, Ten thousand dollars. *Fourth.* (a) I give to my Trustees hereinafter named Twenty-five thousand dollars for my niece Alice R. Barstow, the same to be held and managed and the net income therefrom in each year paid to her semiannually or oftener as most convenient, for and during the term of her natural life, and upon the death of said Alice R. Barstow, the principal of said trust fund with any accumulated income, shall be disposed of according to her last will and testament, if she leaves any will, and if she leaves no will, then to her issue who survive her, if she leaves surviving issue, such issue taking *per stirpes* and not *per capita*, and if said Alice shall leave no will and no issue who survive her then said trust fund with all accumulations, shall be paid and transferred to and among her surviving brothers and the issue who survive her of any deceased brother or brothers of hers who may have died before her, taking *per stirpes* and not *per capita*." By subparagraph (b) $10,000 is given to the trustees for the benefit of Rogers L. Barstow, junior, and by subparagraph (c) $10,000 is given to the trustees for the benefit of Ezra B. Barstow, under the same conditions as those set forth in subparagraph (a).

Article Ninth named Charles M. Baker and Ezra Henry Baker trustees under the will, and defined their powers. The Second National Bank of Boston was appointed trustee under said will on June 16, 1927, and qualified by giving bond. This appointment is still in force. The Second National Bank of Boston is also trustee of the trusts created by article Fourth, and in its capacity as such has been named and has appeared as a respondent.

The petition asked for instructions on the following matters: "(a) . . . as to whom and in what proportions your petitioner should distribute the half of the principal of the trust fund which it holds under the tenth article of said will, and which by the terms of said will is to be assigned, transferred and conveyed to the persons named in articles

Second, Third and Fourth of said will; (b) . . . as to whom and in what proportions it should distribute the sum of $1,238.64, consisting of items of undistributed income as set forth in paragraphs 17 and 18 of this petition." The undistributed income referred to in paragraphs 17 and 18 consists of the following items: dividends and interest payable and paid prior to Mary E. Simonds' death — $265.64; dividends declared to stockholders of record prior to Mary E. Simonds' death but payable and paid thereafter — $38; interest which accrued partly before and partly after Mary E. Simonds' death, paid after her death — $935. This last item, if treated as earned from day to day and apportioned as of Mary E. Simonds' death, would divide as follows: earned prior to her death — $456.55; earned after her death — $478.45.

After hearing, the Probate Court ruled as follows: 1. The remainders after the death of Mary E. Simonds vested at the death of the testatrix. (Citing *Brown* v. *Spring*, 241 Mass. 565, 568.) 2. The gifts over to the "persons named" go in the cases of the trusts set up in the fourth article to trustees and not directly to the named *cestuis* of the trusts. (Citing *Worcester Trust Co.* v. *Turner*, 210 Mass. 115, 123.) Since the trustees and not the beneficiaries take under this article the assignments failed. 3. The undistributed income accumulated before and after the death of Mary E. Simonds became a part of the principal of the trust fund, the words "to divide the trust fund with all accumulations thereof" being so construed as to remove the case from the operation of G. L. (Ter. Ed.) c. 197, § 27. Thereupon the Probate Court ordered, decreed and instructed the petitioner in the manner following: "(a) The petitioner should distribute the one half of the principal of the trust fund which it holds under the tenth article of said will and which by the terms of said will is to be assigned, transferred and conveyed to the persons named in articles Second, Third and Fourth of said will as follows: fifteen hundredths thereof to Arthur M. Baker, executor of the will of Esther H. Baker; ten hundredths thereof to Edith C. Baker, executrix of the will of Charles M. Baker; ten hundredths thereof to Gertrude

Baker, executrix of the will of Ezra Henry Baker; ten hundredths thereof to Arthur M. Baker; ten hundredths thereof to Esther Mary Hitchcock; twenty-five hundredths thereof to be held by the petitioner, The Second National Bank of Boston, upon and applied to the trust under subdivision (a) of article Fourth of said will of Helena M. Kent for the benefit of Alice R. Barstow and others; ten hundredths thereof to be held by the petitioner, The Second National Bank of Boston, upon and applied to the trust under subdivision (b) of article Fourth of said will for the benefit of Rogers L. Barstow, junior, and others; ten hundredths thereof to be held by the petitioner, The Second National Bank of Boston, upon and applied to the trust under subdivision (c) of said article Fourth of said will for the benefit of Ezra B. Barstow and others except that the petitioner may pay the same directly to the Old Colony Trust Company and S. Parkman Shaw, junior, executors of the will of Ezra B. Barstow, if then needed by them to pay creditors of said estate of Ezra B. Barstow. (b) The petitioner should distribute the sum of $1,238.64, undistributed income in its possession, one half thereof to the Massachusetts Memorial Hospitals and the remaining one half to the persons or parties and in the proportions set out in the preceding instruction (a) as part of the principal sum of said one half which is now to be distributed by the petitioner."

Subsequently to an appeal by The First National Bank of Boston, the Probate Court made a report of the facts concerning which there was no dispute, so far as they are material to the determination of the requested instructions. On this appeal no objection is taken to the ruling of the Probate Court that all beneficiaries were in existence when the will was drawn, and that it was not necessary to wait until the death of the life tenant to ascertain them. It is familiar law that estates arising under a will shall be construed as vested unless the contrary clearly appears to have been intended. *Bosworth* v. *Stockbridge,* 189 Mass. 266. *Linscott* v. *Trowbridge,* 224 Mass. 108. *Dickerman* v. *McGregor,* 278 Mass. 393. This construction is even more likely to be adopted where, as here, the beneficiaries are

relatives of the testator. *Gibbens* v. *Gibbens,* 140 Mass. 102. *Crapo* v. *Price,* 190 Mass. 317, 320, 321. *Porter* v. *Porter,* 226 Mass. 204. *Commissioner of Corporations & Taxation* v. *Alford,* 282 Mass. 113, 117. And the fact that the gift over is by way of a direction to assign, transfer and convey does not prevent the application of the usual rule. *Brown* v. *Spring,* 241 Mass. 565, 568, and cases there cited. *Bosworth* v. *Stockbridge,* 189 Mass. 266. There is nothing in the Kent will indicating an intention that the gifts be contingent. Accordingly, the shares passing under article Tenth of the will did not fail because of the death of three of the remaindermen before the life tenant.

The principal question still remains, and is directed to the correctness of the ruling of the Probate Court that the gifts over to "persons named in Articles Second, Third and Fourth" of the will were payable, in the cases of the trusts set up in article Fourth, to the trustees there mentioned upon the same trusts and not absolutely to the named *cestuis* of the trusts. Otherwise stated the question is, Did the testatrix intend that the "persons named" in articles Second, Third and Fourth should be the legatees named therein or, in the case of the trusts, the beneficiaries of those trusts rather than the trustees? The appellant contends that the language of article Tenth is clear, distinct and without any ambiguity, that these persons are the persons named in fact in articles Second, Third and Fourth and not the trustees named in article Ninth, and that this fact requires payment directly to the beneficiaries. The Second National Bank of Boston as respondent contends that there is nothing in the will to suggest that the testatrix intended to leave to the beneficiaries of the trusts their share of the residue outright any more than her original bequest to them, and argues that it would seem natural that the testatrix would want the additional gifts from the residue to be upon trust as much as the original gifts, and that the same reason which impelled her to make the original gifts upon trusts would impel her to make the additional gifts upon the same terms.

The ruling of the Probate Court, that the gifts to the "persons named, so far as those named in article Fourth

were concerned," constituted gifts to the trustees, required a finding that the testatrix did not intend to benefit the *cestuis* in a way different from the one provided in the trusts. This position is supported by the decision in *Worcester Trust Co.* v. *Turner*, 210 Mass. 115, and in *Mahoney* v. *Kearins*, 282 Mass. 130. The same construction of similar residuary bequests is found in *Matter of Logan*, 131 N. Y. 456, and *Crawford* v. *Mound Grove Cemetery Association*, 218 Ill. 399. These cases sustain the finding and ruling of the Probate Court that there is nothing to indicate that the residuary gifts should take a different course from that of the prior legacies.

The contentions of the appellant are that the testatrix could have used other language which would have clearly reached the result of giving the beneficiaries' interest to their trustees by using the word "legatees" instead of "persons," as the trustees were the legatees, or by providing that the interests received by the beneficiaries should be not only in the same proportion, but should be held on the same trusts and subject to the same terms and restrictions as the amounts received under articles Second, Third and Fourth; that, she having used the language she did use, which is clear and unambiguous, the fund to be distributed belongs to the beneficiaries as they are named in these several articles; and that property distributed to those named in article Fourth should not be held in trust as is the other property given to them under the will. We think that the intent of the testatrix is sufficiently clear without the use of the word "legatees" or the suggested limitation; that the testatrix intended that this fund should be distributed to the trustees under article Fourth and not to the beneficiaries named in article Fourth; and that the decree of the Probate Court interpreting the trust to that effect was plainly right and should be affirmed. This disposes of the assignments; the residuary gifts, being, respectively, to the trustees and not to Ezra B. Barstow or to Rogers L. Barstow, junior, could not be assigned by Ezra B. Barstow or Rogers L. Barstow, junior.

There has been no objection made on this appeal to the

third ruling of the court concerning the distribution of the accumulated income, nor to the instructions directing the trustee to pay directly to the executors of Ezra B. Barstow the amount over which he had general testamentary power of appointment.   These questions therefore need not be considered.   *Tremont Trust Co.* v. *Noyes,* 246 Mass. 197, 205.   *Barnes* v. *Springfield,* 268 Mass. 497, 504.   *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 247 Mass. 334, 346.

Costs as between solicitor and client to be in the discretion of the Probate Court.

*Decree affirmed.*