CHARLES L. CARR, trustee, *vs.* NEW ENGLAND ANTI-VIVISECTION SOCIETY & others.

Suffolk.   October 21, 1919. — November 29, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Devise and Legacy,* "Heirs at law then living." *Words,* "Heirs at law then living."

In the construction of a will, the general rule, that, where there is a limitation over after a life estate to a class designated as the heirs at law of the testator, such heirs at law are to be determined as of the time of the testator's death, is not to be followed if it defeats the intention of the testator.

A testator by his will placed his entire estate in trust for the benefit of his wife and upon her death provided, "I give bequeath and devise all said trust estate to my heirs at law then living, said heirs to take the same as by the statutes of descent and distribution of this Commonwealth made and provided."   The testator's heirs at law at the time of his death were a brother and two sisters, all of whom died before his wife.   After the death of the wife, testate, the residuary legatee under her will claimed the trust estate on the ground that, the testator's brother and sisters having died, there were no "heirs at law then living" of the testator and that there was an intestacy as to the trust estate which therefore was vested in the wife at the time of her death and passed by her will.   *Held,*

(1) That the testator intended his entire gift to his wife to be the life estate and intended no intestacy;

(2) That, by "heirs at law then living," the testator meant to designate those who would have been his heirs at law had he died at the time of the termination of the life estate.

BILL IN EQUITY for instructions, filed in the Probate Court for the county of Suffolk on December 7, 1918, by the trustee under the will of Peter L. Willcutt, late of Boston, who also was executor of the will of Jane M. Willcutt, widow of Peter L. Willcutt and life beneficiary under his will.

The defendants were the New England Anti-Vivisection Society, claiming under the residuary clause in the will of Jane M. Willcutt, and Josephine W. Parker, George B. Willcutt, Harry V. Willcutt, Henry Collier and Priscilla L. McGaw, who claimed that they were entitled as those who would have been the heirs at law of Peter L. Willcutt if he had died at the time of the death of the life beneficiary under his will.

The suit was heard in the Probate Court by *Grant*, J. The material facts are stated in the opinion. A decree was entered in favor of the personal defendants. The New England Anti-Vivisection Society appealed.

The appeal came on to be heard by *Loring*, J., who reserved it for determination by the full court.

The case was submitted on briefs.

*G. D. Burrage*, for the defendant New England Anti-Vivisection Society.

*C. L. Newton*, for the heirs at law of the testator.

CARROLL, J. The question to be decided in this case is whether the heirs at law of Peter L. Willcutt should be determined as of the date of his death or the date of the termination of the life estate created by his will. The testator died in 1888 leaving a will made in 1882. After the payment of his debts and funeral expenses, he gave his entire estate, real and personal, in trust to his wife, Jane M. Willcutt, for life and upon her death "I give bequeath and devise all said trust estate to my heirs at law then living, said heirs to take the same as by the statutes of descent and distribution of this Commonwealth made and provided." His widow, a brother and two sisters survived the testator. The widow died November 1, 1918. The brother and sisters died before the death of the life tenant. Mrs. Willcutt gave the residue of her estate to the appellant, the New England Anti-Vivisection Society, hereinafter called the Society. In the Probate Court it was decreed that the personal and real estate of Peter L. Willcutt passed to his heirs at law, determined as of the date of the death

of the life tenant, that is to say, his nieces and nephews, children of his sisters. The Society appealed, contending that the property in the hands of the trustee was devised and bequeathed to such of the testator's heirs at law, determined as of the date of his death, as should be living at the death of his wife; and that as none of said heirs were then living, the remainder passed as intestate property to his heirs at law, including his widow as a statutory heir under the laws of descent and distribution in force at the time of the testator's death; and that as residuary legatee under the will of the life tenant, the Society is entitled to a share in the distribution of the remainder.

In the construction of a will, the general rule that, where there is a limitation over to a class designated as the heirs at law of the testator, they are to be determined at the time of the testator's death, is not to be followed if it defeats the intention of the testator. *White* v. *Underwood,* 215 Mass. 299, and cases cited.

The testator devised and bequeathed his entire estate to his wife for life. This was the extent of his gift to her. He did not intend that she should further share in his estate as one of his heirs at law under the provisions of his will, see *Bragg* v. *Litchfield,* 212 Mass. 148, or that his estate should pass as intestate property. He meant to control its devolution, and after the determination of the life estate, the property was to go to his heirs at law then living. See *Wood* v. *Bullard,* 151 Mass. 324. It was the trust estate created by his will for the benefit of his wife that he disposed of, and it was at the time of his wife's death that the trust estate was to pass to his heirs at law then living.

The language of the will did not bestow a vested remainder upon those who were his heirs at the time of his death. It indicates an intention that the remainder was to vest at the time of his wife's death in his then heirs at law; or as he expressed it, in his heirs at law who were "then living." This construction is supported by the decided cases. In *Wood* v. *Bullard, supra,* in construing the meaning of the words "heirs at law then surviving," where the limitation over was to such heirs, the court said at page 333: "The gift was only to heirs at law then surviving. There was no gift to any heir at law except to heirs at law surviving at the time fixed. It was necessarily wholly uncertain who would fall within that

class. It was indeed possible that all of those persons who were heirs at law at the testator's death might die before the time would come for this gift to take effect. The remainder was contingent. It was not like a gift over to several persons named or clearly defined, with a provision that if one or more should die the survivors should take." The words, "heirs at law then surviving" have the same significance as the words "heirs at law then living," and the intention of the testator in that case, as in the case at bar, was to give his estate to those who answered the description at the date of the death of the life tenant.

In *White* v. *Underwood, supra,* on the death of the life tenant the trustees were then to pay all debts against the trust fund and "distribute all the remainder thereof among my heirs at law, according to the statutes which shall then be in force;" it was there decided that the remainder should go to those who would be the testator's heirs at law at the death of the life tenant, and not to those who were his heirs when he died. See also *Harding* v. *Harding,* 174 Mass. 268. In *Bigelow* v. *Clap,* 166 Mass. 88, the beneficiary for life was the testator's daughter. The words "who may then be living," limiting the estate after her death, were construed to refer to the death of the daughter; and the persons who were to take were then to be ascertained, "and they could not be ascertained before." A devise at the death or marriage of a widow "to and among such of my children as shall then be living, share and share alike," was interpreted to give a contingent remainder to such of the children who were living when the death or marriage happened. *Thomson* v. *Ludington,* 104 Mass. 193. "The words 'then be living' refer to the grand-nephews and grand-nieces alive at 'the death of the last survivor,' and are descriptive of the class who are to take." *Dexter* v. *Attorney General,* 224 Mass. 215: The construction contended for by the Society would cause the testator's estate on the death of Mrs. Willcutt to pass as intestate property at the time when we think there were those in existence who came within the class the testator intended to benefit, and who were his heirs at law then living. It becomes unnecessary to discuss the other questions presented by the petition.

The decree of the Probate Court is affirmed. Costs between solicitor and client are to be in the discretion of a single justice.

*So ordered.*