SECURITY TRUST COMPANY OF LYNN *vs.* HATTIE A. BOYCE & others.

Essex.    October 20, 1926. — November 27, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Devise and Legacy*, Contingent. *Probate Court*, Petition for instructions. *Equity Pleading and Practice*, Equity Rule 22 (1926). *Rules of Court*, Equity Rule 22 (1926). *Trust*, Trustee's bill for instructions.

While, in the construction of a will establishing a remainder, it is presumed that a vested remainder is intended unless it reasonably appears from the entire will that the remainder was intended to be contingent, and words of present gift may be of significance in determining that the remainder is vested, nevertheless, the intention of the testator as shown by the will itself, taken as a whole, must prevail unless contrary to law.

By a will, a trust of $10,000 was constituted, the income to be paid to the father, mother and brother of the testator during their respective lives and thereafter to the brother's widow during her life or until her remarriage. It then was stated that at the death or remarriage of the brother's widow, "(my father, mother and brother having deceased,) I give the whole of said trust fund to any child or children of my said brother; but in case there should be no such child then living, I give and bequeath the same to my own children and their heirs." The father and mother of the testator and the wife of his brother died, and, thereafter, the brother, who left surviving him three children and two grandchildren, children of a daughter who had died before him. Upon a petition for instructions by the trustee under the will, the administrator of the estate of the deceased daughter of the brother contended that her estate should share in the distribution of the fund because the interests had vested at the time of the death of the testator. *Held,* that

(1) It was not the intention of the testator to give any part of this fund to his brother's grandchildren; he intended to bequeath it to his own children unless his nephews or nieces survived their father and mother;

(2) The interest given to the children of the brother was contingent, and did not vest until the death of the life beneficiaries.

By reason of the provisions of Equity Rule 22 (1926), it is improper for a trustee under a will seeking instructions to file a brief putting forward contentions in support of any party interested.

PETITION, filed in the Probate Court for the county of Essex on May 19, 1926, by the trustee under the will of Benjamin F. Doak, late of Lynn, for instructions as to when distribution of the trust fund described in the opinion should be made, the persons entitled to share in such distribution, and the proportions in which they should share.

The petition was heard by *Dow,* J., by whose order a decree was entered that the trust had terminated and that distribution be made in equal shares among the children of Francis E. Doak who were living at the time of his decease, namely Hattie A. Boyce, Bessie G. Mears and Mary Shephard Doak. George W. Lougee, administrator of the estate of Evelyn F. Lougee, appealed.

The case was submitted on briefs.

*S. H. Hollis,* for George W. Lougee, administrator.

*E. S. Underwood,* for the petitioner.

CARROLL, J. This is a petition for instructions as to the meaning of the will of Benjamin F. Doak. In the first paragraph of his will he left a fund of $10,000 in trust, the

income to be paid to his father and mother during their joint lives and the life of the survivor; after their decease the income to be paid to his brother Francis E. Doak during his life, and from and after his death to be payable to the widow of Francis E. Doak during her life unless she should again marry. "At her death or marriage, (my father, mother and brother having deceased,) I give the whole of said trust fund to any child or children of my said brother; but in case there should be no such child then living, I give and bequeath the same to my own children and their heirs." The testator's father and mother, his brother Francis E. Doak, and his wife are dead. Francis E. survived his wife, leaving three children and two grandchildren, the son and daughter of Evelyn F. (Doak) Lougee, who had predeceased him. The respondent George W. Lougee is the administrator of the estate of Evelyn F. Lougee. He contends that the remainders were vested and he is entitled to her share. The Probate Court decreed that the trustees should distribute the trust fund in equal shares to the three children of Francis E. Doak who were living at his decease.

In the construction of wills it is presumed that a vested remainder is intended unless it reasonably appears from the entire will that the remainder was intended to be contingent. *Richardson* v. *Warfield*, 252 Mass. 518, 521. Words of present gift may be of significance in determining that the remainder is vested. See *Gardiner* v. *Everett*, 240 Mass. 536, 539. The intention of the testator, however, as shown by the will itself taken as a whole must prevail, unless contrary to law. *Boston Safe Deposit & Trust Co.* v. *Blanchard*, 196 Mass. 35, 38.

In the case at bar the testator provided that if there should be no child of his brother "then living" at the death or marriage of the brother's widow (his "father, mother and brother having deceased"), the fund was to go to the testator's own children and their heirs. As there were children of his brother living at the time, the event provided for in this clause of the paragraph cannot happen, but the language of this provision is not to be overlooked in ascertaining the intention of the testator. The words "then living"

created a contingency.   *Clarke* v. *Fay,* 205 Mass. 228, 231. If no child of his brother was then alive, the fund was to go to his own children; and the grandchildren of his brother would not share in the fund.   It was not the intention of the testator, as we construe his will, to give any part of this fund to his brother's grandchildren; he intended to bequeath it to his own children unless his nephews or nieces survived their father and mother.   This part of the clause is to be construed in connection with that immediately preceding it, giving the whole of the trust fund to "any child or children of my said brother," and as the grandchildren could not share in the fund if there were no child of the brother living at the death of the life tenants, they cannot share with the children who were alive at the time of this event.

The children of his brother were intended by the testator to be the objects of his bounty, and the remainder was a contingent one; it was therefore not vested in the children of his brother, so as to take away from the testator's own children and their heirs what he had bequeathed to them, unless the children of the brother were alive when the fund was to be paid over.   In our opinion the remainder was contingent, and this construction is in accordance with the intention of the testator.   The judge of probate therefore was right in his decree ordering the distribution of the trust fund among the children of Francis E. Doak who were living at his decease.   See in this connection *Smith* v. *Rice,* 130 Mass. 441; *Denny* v. *Kettell,* 135 Mass. 138; *Harding* v. *Harding,* 174 Mass. 268; *Carr* v. *New England Anti-Vivisection Society,* 234 Mass. 217; *Welch* v. *Williams,* 237 Mass. 373.   The respondent relies on *Porter* v. *Porter,* 226 Mass. 204.   That case is not contrary to the conclusion reached in the case at bar.

The petitioner, who is the trustee of the fund, has filed a brief contending that the gift was a contingent remainder to a class to be determined at the death of Francis E. Doak; that the defendants Hattie A. Boyce, Bessie G. Mears and Mary S. Doak, the children of Francis E. Doak who survived him, are entitled to the fund.   This practice was contrary to

the spirit and intent of Equity Rule 22 (1926) which provides: "In bills by executors or trustees to obtain the instructions of the court . . . no solicitor or counsel for the plaintiff shall appear or be heard or act for or in behalf of any or either of the defendants."

> *Decree affirmed, with further costs in the discretion of the judge of probate, payable from the fund, to the administrator, taxed as between solicitor and client.*