ARTHUR LYMAN *vs.* EVELYN G. SEARS & others.

Suffolk. January 9, 10, 1933. — June 28, 1933.

Present: RUGG, C.J., PIERCE, DONAHUE, & LUMMUS, JJ.

*Trust,* Construction of instrument creating trust. *Devise and Legacy,* Time of vesting, Determination of class, Remainder.

Three nephews and two nieces survived a testator who died in 1881. To each, under his will, was given for life the income from one of five trusts into which the residue was divided, such income after his or her death to be paid to his or her spouse for life, and upon the death of the spouse the principal of the trust to be distributed among their surviving children and issue of deceased children. Further provisions of each trust were that if the nephew or niece "shall decease leaving no issue," then, upon the death of him or her and of his or her spouse, the principal should be divided equally among the other four

trusts; provided that if, during his or her life, any other nephew or niece should have died without issue, then the fourth part otherwise payable to or for the benefit of such other nephew or niece or of his or her issue should be paid over "to and among the same persons, and in the same manner . . . as the other fourth parts . . . shall . . . be paid over . . . ." By codicils the testator created a fund for the benefit of certain annuitants, the fund, upon the death of the survivor of the annuitants, to be paid over "in conformity with the residuary provisions of" the will. One of the nephews died without issue, and his widow survived him. Each of the nieces and her husband survived said nephew and each died leaving, among other children, a daughter who died before the deaths of said nephew's widow and the survivor of the annuitants. One of such daughters left issue and the other did not. Upon a petition, filed after the death of the widow of said nephew, for instructions as to the manner of distributing the principal of the trusts and of the fund for the benefit of the annuitants, it was *held*, that

(1) The phrase with respect to each trust, "shall decease leaving no issue," meant leaving no issue living at the death of the survivor of the nephew or niece benefited by that trust and his or her spouse;

(2) G. L. (Ter. Ed.) c. 184, § 6, was not applicable in the circumstances because the testator died in 1881;

(3) It was the intention of the testator that the time of the termination of each trust and of the distribution of the principal thereof should be the time of determining classes and the persons entitled to share in such distribution;

(4) The estate of the grandniece who died without issue was not entitled to share in the distribution of the property in question even though she survived the said nephew, because she did not survive his widow;

(5) The issue of the other grandniece were entitled to such share of said property as she would have been entitled to had she survived the said nephew's widow.

PETITION for instructions, filed in the Supreme Judicial Court for the county of Suffolk on April 18, 1932, by the surviving trustee under the will of Mary Pratt, late of Watertown.

The thirteenth clause of the will was as follows:

"Thirteenth. I give, bequeath, and devise one fifth part of all the rest and residue of my estate real and personal to Arthur Theodore Lyman and William Pratt to hold to them, their survivor, his heirs, executors, administrators and successors in fee simple, but upon the trusts following, that is to say, in trust to hold, invest and manage the same and to receive and collect the income accruing there-

from and after deducting all charges and expenses incurred in the care and management thereof to pay over the residue of such income to my nephew William Pratt during his life and upon his decease to his wife during her life, and upon the decease of his wife and the decease of my said nephew leaving issue, then in trust to hold said trust estate together with any additions coming or accruing thereto under the provisions of this will, to the use of and to pay over, convey and distribute the same in equal shares to and among the surviving children of my said nephew, and the issue of any deceased child or children of his who shall take by right of representation; but if my said nephew shall decease leaving no issue, then upon the decease of my said nephew and of his wife, in trust to pay over, transfer and convey one fourth part of said trust estates and of any additions coming or accruing thereto under the provisions of this will, to the same persons, upon the same trusts, for the same uses, purposes and intents, with the same rights, interest and estate, and subject to the same limitations and provisions as are mentioned expressed and provided in the Fourteenth Article of this will, of, concerning and in relation to the portion of my estate in said Fourteenth Article devised and bequeathed; and to pay over, transfer and convey another fourth part of the same to the same persons, upon the same trusts, for the same uses, purposes and intents, with the same rights, interests and estates and subject to the same limitations and provisions as are mentioned, expressed and provided in the Fifteenth Article of this will of, concerning and in relation to the portion of my estate in said Fifteenth Article devised and bequeathed; and to pay over, transfer and convey another fourth part of the same to the same persons, upon the same trusts, for the same uses, purposes and intents, with the same rights, interest and estate, and subject to the same limitations and provisions as are mentioned, expressed and provided in the Sixteenth Article of this will, of, concerning and in relation to the portion of my estate in said Sixteenth Article devised and bequeathed; and to pay over, transfer and convey the remaining fourth part of the same

to the same persons, upon the same trusts, for the same uses, purposes and intents, with the same rights, interest and estate, and subject to the same limitations and provisions as are mentioned, expressed and provided in the Seventeenth Article of this will, of, concerning and in relation to the portion of my estate in said Seventeenth Article devised and bequeathed; Provided, however, that if during the life of my said nephew William Pratt, any other nephew or niece, for whose benefit bequest is made in the Fourteenth, Fifteenth, Sixteenth or Seventeenth Article of this will shall have deceased leaving no issue, then such fourth part aforesaid, as under the foregoing provisions of this Article would be paid over, transferred and conveyed to or for the benefit of such nephew or niece if living and his or her issue if there were any, shall be paid over, transferred, conveyed and distributed to and among the same persons, and in the same manner and to the same effect respectively as the other fourth parts aforesaid shall, by virtue of the foregoing provisions of this Article be paid over, transferred and conveyed. In case all my aforesaid nephews and nieces shall have deceased leaving no issue, the said trust estates and principal fund shall be held to the use of, and be paid over, transferred, conveyed and distributed to and among the persons who would be entitled thereto and in the same manner and proportions as if I had then deceased intestate."

The fourteenth, fifteenth, sixteenth and seventeenth clauses of the will each set up a trust of one fifth of the residue in substantially the same language. The first life beneficiary named in the fourteenth clause was Robert M. Pratt; in the fifteenth clause Arthur T. Lyman; in the sixteenth clause Sarah P. Sears; and in the seventeenth clause Lydia W. Paine.

The following appeared from the petition: Arthur T. Lyman died October 24, 1915, leaving issue, and his wife died March 28, 1894. Robert M. Pratt died January 9, 1917, without issue, never having married. Sarah P. Sears died July 23, 1911, and her husband died May 1, 1898. Children surviving them were Annie L. Sears, Mary P.

Sears, Evelyn G. Sears, Francis P. Sears and Richard Sears. Mary P. Sears died without issue February 14, 1928. Annie L. Sears died February 9, 1932, and Lincoln Bryant was appointed executor of her will. Lydia W. Paine died March 9, 1897, and her husband died August 11, 1910. Five children survived them. One of said children, Edith Paine Storer, died May 9, 1924, leaving as her issue John H. Storer, Jr., Robert T. P. Storer, Theodore L. Storer, Lydia L. Hall, Edith Storer and Emily L. Storer. William Pratt died March 25, 1893, and his wife died February 28, 1931. No issue survived either of them.

Other material facts and portions of the will, and of codicils thereto, are described in the opinion.

The case was reserved by *Wait,* J., upon the petition and answers for determination by the full court.

*L. Bryant,* for the executor of the will of Mary P. Sears.

*R. C. Curtis,* (*F. H. Nash* with him,) for Evelyn G. Sears and others.

*C. F. French,* for John H. Storer, administrator, submitted a brief.

*J. Harvey,* for the executor of the will of Annie L. Sears, submitted a brief.

*A. R. Smith,* for John H. Storer, Jr., and others, submitted a brief.

PIERCE, J.   This is a petition by the surviving trustee under the will of Mary Pratt, late of Watertown, for instructions. The case was reserved at the request of the parties by a single justice of this court for the consideration and determination of the full court.

The testatrix died December 13, 1881. By articles thirteen through seventeen of her will she left the income of one fifth of the residue of her property in trust for each of five nieces and nephews. The language of the five articles is identical excepting necessary changes in names and cross references and that in connection with the gift, article fourteen, for the benefit of Robert Marion Pratt, the provision for a life estate in his wife after his death was limited to "any wife of his who may be now a living person." Each article provided in substance for a fund to be held in trust for a nephew or niece

during his or her life and at death to be held for the benefit of his wife or her husband during his or her life, and at the death of both, the principal to be distributed *per stirpes* among his or her issue. In the absence of issue, it is directed that the principal shall be divided between the four other residuary trusts, provided that, if in the meanwhile any of the other nephews or nieces has died leaving no issue, his or her residuary trust shall not share in the division.

One of the nephews of Mary Pratt was William Pratt, who married Anita Powell and died without issue March 25, 1893. His wife died February 28, 1931. Instruction is asked concerning the disposition of the principal of the share of the residue left to William and Anita during their lives by the thirteenth article of the will. The petitioner further asks to be instructed concerning the second and third codicils of the will, whereby the testatrix created a fund of $25,000, the income to be paid to certain annuitants and upon the death of the last survivor the principal sum to be transferred "in conformity with the residuary provisions of my said Will." The last annuitant died October 8, 1928. The other four nephews and nieces of Mary Pratt were Arthur T. Lyman, Sarah P. Sears, Lydia W. Paine, and Robert M. Pratt who "died on January 9, 1917, without issue, never having married." The principal under article thirteen and the $25,000 fund under the two codicils were divided by the trustees, therefore, into three parts. One part was paid to the issue of Arthur T. Lyman, who died in 1915; four fifths of one third was paid to four of the five children of Sarah. P. Sears, who died in 1911; and four fifths of a third part was paid to four of the five children of Lydia W. Paine, who died in 1897. The trustee now asks for instructions as to the correct distribution of one fifth of Sarah P. Sears's share and one fifth of Lydia W. Paine's share in each fund. Mary P. Sears, one of the five children of Sarah P. Sears, died in February, 1928, without issue; and Edith Storer, one of the five children of Lydia W. Paine, died in 1924. Mary P. Sears and Edith Storer survived their parents but both died before the time for the distribution of the trust fund under article thirteen and the distribution of the $25,000 fund

under the codicils. The problem is, Did the class close upon the death of the parents, or was it to be held open until the date of distribution?

It is the contention of the respondents Evelyn G. Sears, Francis P. Sears and Richard Sears, three of the children of Sarah P. Sears living October 8, 1928, and February 28, 1931, that two of the said fifth parts enuring under article sixteen should be paid to them and to the executor of the will of Annie L. Sears.

It is the contention of the executor of the will of Mary P. Sears, who died February 14, 1928, that the remaining one fifth of one third of the principal held under article thirteen and the remaining one fifth of one third of the trust held under the codicils should be paid to the estate of Mary P. Sears, she having survived her parents but having died prior to the death of Anita Pratt. This contention is based upon the fact that Sarah P. Sears survived William Pratt and left issue, and upon the inference that the proviso contained in articles thirteen through seventeen of the will indicated that in the mind of the testatrix the disposition of William Pratt's share under article thirteen is fixed at his death, and not at the death of his wife, Anita; that the will expresses clearly that upon the event of the death of William Pratt without issue, the principal shall be paid over subject to the life estate in his wife, in equal shares, to be administered under the provision of the other articles of the will, excepting any article in which the trust has terminated by reason of the life beneficiary dying without issue; and he submits that a portion of the William Pratt fund — that is one third — would pass to the beneficiaries under article sixteen, to be administered "upon the same trusts, for the same uses, purposes and intents, with the same rights, interest and estate, and subject to the same limitations and provisions as are mentioned, expressed and provided in the Sixteenth Article of this will"; that there is no question as to the rights or interest in respect to the original fund left in that article, and no question as to the persons entitled to take the principal of the fund; and that the persons to take the principal are the five children of Sarah P. Sears who survived their mother,

one of whom was Mary P. Sears. Specifically he quotes the provisions of article sixteen which reads: "to pay over the residue of such income to my niece Sarah Pratt Sears to her sole and separate use during her life, and upon her decease to her husband during his life, and upon the decease of her husband and the decease of my said niece leaving issue then in trust to hold said trust estates, together with any additions coming or accruing thereto under the provisions of this will to the use of and to pay over, convey and distribute the same in equal shares to and among the surviving children of my said niece and the issue of any deceased child or children of hers who shall take by right of representation: but if my said niece shall decease leaving no issue . . . ." As respects the phrase "leaving no issue" he contends that it is immaterial in the circumstances disclosed whether the testatrix meant issue living at the death of the niece or issue living at the death of the survivor of the niece and her husband, because all the children survived her and her husband. It is contended by this executor that it is clear as to the gift under the codicils, in connection with which it is provided that after the termination of the life estates the principal of the fund is to fall into the residue of the estate, that the Sears fund should receive upon the death of the life tenant one-fourth and upon the death of Anita Pratt one-third share of whatever had been held for the purpose of paying the income to Anita Pratt.

It is the contention of the respondents who are surviving issue of Edith Paine Storer, who died May 9, 1924, intestate, that the fund originally held by the trustees for the benefit of William Pratt under article thirteen, and which by reason of his death, without issue, enured to article seventeen upon the death of William Pratt's widow, was payable to the children and not to the administrator of Edith Paine Storer, and that the fund now held by the trustee which enured to article seventeen under article two of the second codicil and article one of the third codicil was payable upon the death of the last survivor of Elizabeth Whitney, on October 8, 1928, to the children of Edith Paine Storer. This contention rests upon the provision of article seventeen of the will

which reads in part: "and upon the decease of her husband [Robert Treat Paine] and the decease of my said niece [Lydia Williams Paine] leaving issue, then in trust to hold said trust estates, together with any additions coming or accruing thereto under the provisions of this will, to the use of and to pay over, convey and distribute the same in equal shares to and among the surviving children of my said niece and the issue of any deceased child or children of hers who shall take by right of representation."

It may be noted that the surviving children of Lydia Williams Paine have disclaimed any interest in the estate.

The respondent executor of the will of Annie L. Sears contends that the part of the fund now held by the petitioner under article sixteen of the will, coming from the fund created by the second and third codicils of said will should be paid over to him as executor aforesaid and to the respondents Evelyn G. Sears, Richard Sears and Francis P. Sears in equal shares, as also should the part of the fund now held by the petitioner under the thirteenth and sixteenth articles of the will.

We think the general construction of the will indicates the intention of the testatrix that the interests should vest and the classes should be determined as of the date of distribution. The proviso in each trust reads: "Provided, however, that if during the life of my said . . . [nephew or niece], any other nephew or niece, for whose benefit . . . [one of the other trusts was created] shall have deceased leaving no issue, then such fourth part aforesaid, as under the foregoing provisions of this Article would be paid over, transferred and conveyed to or for the benefit of such nephew or niece if living and his or her issue if there were any, shall be paid over, transferred, conveyed and distributed to and among the same persons, and in the same manner and to the same effect respectively as the other fourth parts aforesaid shall, by virtue of the foregoing provisions of this Article be paid over, transferred and conveyed. In case all my aforesaid nephews and nieces shall have deceased leaving no issue, the said trust estates and principal fund shall be held to the use of, and be paid over, transferred, con-

veyed and distributed to and among the persons who would be entitled thereto and in the same manner and proportions as if I had then deceased intestate."

The position of the four children of Sarah P. Sears who were living at the date of distribution and of the four children of Lydia W. Paine is that the effect of the proviso is to exclude the surviving wives and husbands of the nephews and nieces who have already died leaving no issue, and is an indication that the intent of the testatrix is that the issue of nephews and nieces and only those living at the time of distribution shall take. When the gift took effect upon the death of Anita Pratt in February, 1931, Sarah P. Sears and her husband had long since died. Lydia W. Paine died on March 9, 1897, and her husband, Robert Treat Paine, had died on August 11, 1910. The interests of the children of Sarah P. Sears and of Lydia W. Paine were contingent upon their surviving their parents, and if they did not survive both parents they took nothing, and those who were to take could not be determined until the death of the survivor of the parents. *Crapo* v. *Price,* 190 Mass. 317. *Welch* v. *Williams,* 237 Mass. 373. The phrase leaving "no issue" in article thirteen means leaving no issue at the time of the death of the survivor of the nephew and his wife. This construction is required by the language of the gift over, which reads "but if my said nephew shall decease leaving no issue, then upon the decease of my said nephew and of his wife . . . to pay over . . . ." If this be not so, an intestacy might result since the preceding gift is "upon the decease of his wife and the decease of my said nephew leaving issue, then . . . to pay over . . . among the surviving children. . . ." The phrase applied to articles sixteen and seventeen was intended to cover the event of Sarah P. Sears's and of Lydia Williams Paine's issue dying out after the death of Sarah P. Sears or of Lydia Williams Paine before the time of division. The provision of G. L. (Ter. Ed.) c. 184, § 6, that "die without issue" shall mean failure of issue during the life of the decedent is not applicable here because the testatrix died in 1881 and the statute is applicable in terms to wills executed after April, 1888. If

all five of said Sarah P. Sears's children or all five of Lydia Williams Paine's children had died leaving no issue before William Pratt, their part could have been added to the shares of their uncles and aunts. The gift over required that Sarah P. Sears's children or the children of Lydia Williams Paine, or their issue, as the case might be, should be alive at the time of distribution. *Welch* v. *Williams,* 237 Mass. 373. *Security Trust Co. of Lynn* v. *Boyce,* 257 Mass. 586. *Springfield Safe Deposit & Trust Co.* v. *Ireland,* 268 Mass. 62, 65. The whole frame of the will points to the situation existing at the termination of each trust for the determination of those who should take. The contention of the executor of Mary P. Sears and the administrator of Edith P. Storer that Mary P. Sears and Edith P. Storer who survived their parents should take the gifts under articles sixteen and seventeen which were to be shared "among the surviving children of my said niece and the issue of any deceased child or children of hers who shall take by right of representation" is true for the purpose of determining the class to share the original one fifth left to Sarah P. Sears or to Lydia Williams Paine, but Sarah P. Sears and her husband, and Lydia Williams Paine and her husband had died previously to the death of the wife of William Pratt and so the class had to be redetermined to establish those of it entitled to share in the principal to be distributed upon the death of both William and Anita Pratt. See *Baker* v. *Baker,* 8 Gray, 101; *Welch* v. *Williams,* 237 Mass. 373. Mary P. Sears, one of the five children of Sarah P. Sears, had died without issue prior to the death of Anita P. Pratt, but Edith P. Storer, one of the children of Lydia Williams Paine, had died prior to the death of Anita Pratt, leaving her surviving six children who, as her issue, under the provisions of the will took their parent's share by right of representation.

No question of remoteness, based on the ground that the husbands and wives of the nieces and nephews to whom life estates are given mean any husband or wife who might be living at the time of the death of the nephew or niece and that such person might not have been in being at the

death of the testatrix, is raised, because it appears that the testatrix had in mind only persons who were then living.

It follows that the petitioner is instructed (1) to pay over the principal of the part of the fund now held by him under article sixteen coming from the fund created by the second article of the second codicil and the first article of the third codicil of said will to Evelyn G. Sears, Richard Sears, Francis P. Sears, and Lincoln Bryant executor of the will of Annie L. Sears, in equal parts; (2) to pay over the principal of the part of the fund now held by him under article seventeen coming from the fund created by the second article of the second codicil and the first article of the third codicil of said will to John H. Storer, junior, Robert T. P. Storer, Theodore L. Storer, Lydia L. Hall, Edith Storer and Emily L. Storer, in equal parts; (3) to pay over the principal of the part of the fund now held by him under the thirteenth article and the sixteenth article of said will to Evelyn G. Sears, Richard Sears, Francis P. Sears, and Lincoln Bryant executor of the will of Annie L. Sears, in equal parts; and (4) to pay over the principal of the part of the fund now held by him under the thirteenth and seventeenth articles of the will to John H. Storer, junior, Robert T. P. Storer, Theodore L. Storer, Lydia L. Hall, Edith Storer and Emily L. Storer, in equal parts.

*Decree accordingly.*