## FORBES v. COMMISSIONER OF INTERNAL REVENUE.

No. 3078.

Circuit Court of Appeals, First Circuit.

Feb. 25, 1936.

W. Barton Leach, of Cambridge, Mass. (Frank A. Lynch, of Boston, Mass., on the brief), for petitioner for review.

Arnold Raum, Sp. Asst. to the Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and J. Louis Monarch and Joseph M. Jones, Sp. Assts. to the Atty. Gen., on the brief), for the Commissioner of Internal Revenue.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is a petition for a review of a decision of the Board of Tax Appeals pursuant to sections 1001 and 1003 of chapter 27, 44 Stat. 9, 109, 110, Revenue Act of 1926, as amended by section 1101 of the Revenue Act of 1932, c. 209, 47 Stat. 169 (26 U.S.C.A. §§ 641, 642).

The sole issue raised in the briefs of the parties is whether the petitioner under a trust executed by her mother, Alice Bowditch Forbes, took a vested or contingent interest in one-third of the corpus of the trust. The statute involved is section 113 of the Revenue Act of 1928 (26 U.S.C.A. § 113 note).

On May 8, 1920, Alice Bowditch Forbes executed a deed of trust to continue for a term of ten years. The trust terminated on May 8, 1930, when there was distributed equally between her three children, including the petitioner, the corpus of the trust. Cases awaiting the determination of this case involve the taxes of the other two children.

The Commissioner determined that each of the children acquired a vested remainder in one-third of the corpus of the trust May 8, 1920, which the Board of Tax Appeals affirmed; while the petitioner contends that her interest in the corpus was contingent during the continuance of the trust, and in her return of income tax for 1930, in computing the gain or loss resulting from a sale of some of the securities received by the petitioner, used as a basis their market value on May 8, 1930.

The provisions of the trust upon which this issue depends are as follows:

"I. This trust is to last for ten years from the date of this instrument, during which time the trustees shall manage the property and distribute the income as herein directed, and at the end of ten years, shall distribute the principal to and among such persons as are then entitled to the income, subject to the provisions hereinbelow stated as to the surviving husbands or wives of any of my children who may die before the termination of the trust. * *

"II. The income of the trust fund hereby created shall be divided equally, at least as often as semiannually, among my three children—Allan Forbes, Mary Bowditch Forbes and Dorothy Forbes,—and should any of them die leaving issue before the termination of the trust, the income of the parent's share shall be divided among such issue taking by the shares until such termination, and should any of my said children die without leaving issue, or should such issue become extinct, before the termination of the trust, the interest of such children or issue in the trust both as to in-

come and principal shall merge in and become part of the trust for the benefit of the other beneficiaries hereunder. Provided, however, that should any one of my said three children die before the termination of the trust leaving a husband or wife surviving, such surviving husband or wife shall be entitled, in his or her own right, to one-half the income of such child's share until the termination of the trust and the other half shall be distributed among my children or issue as herein provided; and should such husband or wife be living at the termination of the trust, he or she shall be entitled in distribution to one-third of the principal of such child's share, and the remaining two-thirds shall be distributed among my children or issue as herein provided. In case any such husband or wife of a deceased child should die before the termination of the trust, their interest therein both as to income and principal shall cease forthwith."

The case was heard on the pleadings and a stipulation by the parties, which contained the following:

"It is further agreed that if the basis used by respondent is correct, as a mater of law, then the computation of the deficiencies is correct and agreed to by petitioners, but if the respondent has used the wrong basis, as a matter of law, then the parties agree that the returns as filed by petitioners are correct, and that there is no deficiency due from any of the petitioners."

 In determining whether an estate is vested or contingent, the intent of the testator or settlor and the laws of the state in which the property is situated control. The determination of this issue, therefore, is governed by the laws of Massachusetts, in which state the trust was created and administered, and in which the property was located. De Vaughn v. Hutchinson, 165 U.S. 566, 570, 17 S.Ct. 461, 41 L.Ed. 827; Poe, Collector of Internal Revenue, v. Seaborn, 282 U.S. 101, 110, 51 S.Ct. 58, 75 L.Ed. 239.

█ Under the laws of Massachusetts we think the petitioner took only a contingent interest in the corpus of the trust until its termination on May 8, 1930.

There was no transfer in the instrument of trust of the corpus of the trust to any definite person during its continuance. Only the income of the trust was disposed of until the termination of the trust. The trust instrument provided that at its termination the corpus should be "distributed among such persons as *then* are entitled to the income, subject to the provisions hereinbelow stated as to the surviving husbands and wives of any of my children who may die before the termination of the trust." (Italics supplied.)

From paragraph numbered II of the instrument, it appears that during the life of the trust the income is to be paid to the three children of the grantor, but, if any of them died before the termination of the trust, leaving issue, the income of a deceased child shall thereafter during the continuance of the trust be divided among such issue. In case a child of the grantor dies leaving no issue, or if, leaving issue, such issue becomes extinct before the termination of the trust, the interest of such child or issue in the income or principal of the trust shall merge in and become a part of the trust for the benefit of the remaining beneficiaries.

Paragraph II further provided that, in case one of the three named children of the grantor died leaving a husband or wife, payment of one-half of the income of such child's share shall be made to the husband or wife, and the remainder to the surviving children or issue as above provided. It also provided for the contingency in case the husband or wife of a deceased child died before the termination of the trust.

This is not like the cases where the corpus of the trust is devised or conveyed to definite persons for life with remainder over to others; or where the income is given to a person for life or for a term of years and the corpus is disposed of at the termination of the trust to certain persons named. Here the income alone is given to the children during the continuance of the trust, or, in case of death, to the issue or to the husband or wife of a deceased child; and the corpus of the trust at its termination is given to such as are *then* entitled to the income—language commonly interpreted to create contingent remainders. Linscott v. Trowbridge et al., 224 Mass. 108, 111, 112 N.E. 956; Gardiner, Trustee, v. Everett, Ex'r et al., 240 Mass. 536, 539, 134 N.E. 372; New England Trust Co. v. Abbott, 205 Mass. 279, 281, 282, 91 N.E. 379, 137 Am.St.Rep. 437; Hale et al. v. Hobson et al., 167 Mass. 397, 399, 45 N.E. 913.

As there were no words of present gift of the corpus of the trust until its termination, the persons who would then take

could not be determined until that time. That the children all lived and so took an equal share in the corpus when distributed in no way renders it certain that they would take at the termination of the trust, nor could it be determined until the termination of the trust who would be receiving the income at that time. White v. Underwood et al., 215 Mass. 299, 301, 102 N.E. 426; Crapo et al., Trustees, v. Price, Ex'rs. et al., 190 Mass. 317, 321, 322, 76 N.E. 1043.

This is not a case like that of Chandler v. Field (C.C.A.) 63 F.(2d) 13, where the corpus of the trust was disposed of by the will and a vested interest created subject to be divested in case of his death before reaching a certain age.

The remainder in the case at bar contains the element which the authorities have always held rendered it contingent. Kent's Com. vol. 4 (6th Ed.) 208; Putnam et al. v. Gleason, 99 Mass. 454, 455.

"A remainder is contingent *whilst the person to whom,* or the event upon which it is limited to take effect, remains uncertain." (Italics supplied.) Also see Security Trust Co. of Lynn v. Boyce, 257 Mass. 586, 588, 589, 154 N.E. 191.

■ An examination of section 113, subparagraphs (a), (2), (3), and (4), 26 U.S.C.A. § 113 note discloses that, in determining the basis for computing gain or loss, the time of acquisition together with the manner of the acquisition is the determining factor.

It is provided in (a) that, if the property was acquired in any manner after February 28, 1913, the basis for determining gain or loss is the cost of such property, except that

(2) If the property was acquired by gift after December 31, 1920, the basis for computing gain or loss relates back to the cost in the hands of the donor or the last presiding owner by whom it was not acquired by gift.

(3) If the property was acquired by a transfer in trust after December 31, 1920, the basis shall be the same as it would have been in the hands of the grantor.

(4) If the property was acquired on or before January 1, 1921, either by gift or transfer in trust, the basis shall be the fair market value at the time of such acquisition.

It will be noted that the several methods of acquiring property, both before and after December 31, 1921, are provided for in these three paragraphs: by gift after December 31, 1920; by transfer in trust after December 31, 1920; and by gift or transfer in trust before January 1, 1921.

Congress apparently fixed an arbitrary date as the dividing line between the cost to the grantor and the market value at the time of acquisition in computing gain or loss in case of the acquisition of property by gift or transfer in trust. In general, if acquired after December 31, 1920, either by gift or transfer in trust, the basis was the same as in the hands of the last owner or grantor; and, if acquired either by gift or transfer before January 1, 1921, the basis should be the fair market value of the property at the time of such acquisition.

An uncertainty as to whether either of the paragraphs of section 113 applies in this case arises from the fact that Congress apparently did not have in mind that a gift or transfer in trust might be made prior to the date of January 1, 1921, and, in the case of a contingent remainder in a taxpayer during the continuance of the trust, the corpus of the trust could not be said to be vested in or acquired by the taxpayer until after that date. It may have been due to this uncertainty that the parties entered into the stipulation in order that the case might be disposed of.

If the corpus had been vested in the three children on May 8, 1920, as claimed by the Commissioner, the method of computing the tax under paragraph (4) would have been correct; but under the stipulation, if the remainder was held to be contingent, the return filed by the taxpayer should be accepted as the basis for computing the tax, and there would be no deficiency due from the taxpayer.

However, notwithstanding the stipulation, and notwithstanding the acquisition of the corpus was after December 31, 1920, and the transfer in trust was entered into before that date, counsel for the government in oral argument before this court contended that, if the taxpayer's contention as to the date of acquisition was correct, paragraph (3) of section 113 applies to this case. It was thereupon urged by counsel, although it was not urged before the Board or in the government's brief, that the stipulation is a stipulation as to a subsidiary question of law, and therefore cannot govern this court. Swift & Company v. Hocking Valley Railway Co., 243 U.S. 281, 37 S.Ct. 287, 61 L.Ed. 722. It should

be noted, however, that the stipulation does not state that the taxpayer used the correct base for her computation "as a matter of law." It expressly provides that, if the court finds that the Commissioner in selecting his basis for computation erred as a matter of law, which we think he did, then the computations of the taxpayer in her return are accepted, not as a matter of law, as in case of the Commissioner's rulings, but as a fact agreed upon.

It is important to observe the conditions under which this stipulation was made. It was entered into by the parties with deliberation and under the approval of the Board, and evidently for the purpose of expediting the business of the Board. The case was first called for hearing on the merits on January 15, 1934, and was then continued. It was then called on January 22, and was continued for one week "pending stipulation." On January 26 the stipulation was filed as a supplemental record, and on January 29 the case was submitted on the merits on the original and supplemental record.

Instead of agreeing upon a construction of the statute contrary to its plain meaning, it was a result agreed upon in order that the case might be finally disposed of. It presents no moot question, and no public question was involved as in Swift & Company v. Hocking Valley Railway Co., supra.

This type of stipulation is not uncommon. In Ahles Realty Corp. v. Commissioner (C.C.A.) 71 F.(2d) 150, 152, there was a stipulation that, "if the Board finds that the new corporation is compelled to use the cost basis to the old corporation in determining the gain or loss from the sales accruing in the years 1925 and 1926, then the Board should enter judgment for the respondent and approve the deficiencies as proposed in the deficiency notices." With reference to this stipulation the court said:

"This stipulation is controlling and makes it unnecessary to refer the matter back for computation and further consideration by the Board."

The line of distinction is indicated in North American Mercantile Co. v. United States, 18 C.C.P.A.(Customs) 74, 77 (1930). In disposing of an attack upon a stipulation said to involve a question of law, the court said:

"In what way, we may inquire, does the stipulation in issue attempt to interpret any provision of the tariff act, or settle any question of law in which the public is interested? In what way would giving full effect to this stipulation affect the court in the interpretation of the law in any other case? Obviously, the effect of this stipulation is of no concern to anyone except the parties thereto, and even as to them only in the case in which the stipulation is made."

No construction of any particular provision of the statute is contained in the stipulation, except as to the basis for the Commissioner's computation. No such question was raised before the Board. Whoever prepared the government's brief raised no such issue. It was only suggested in oral argument before this court by the government's representative, and, considering the uncertainty as to whether the statute applies at all to the facts in this case, and it is raised in this court for the first time, it has little force. Jones et al. v. United States (C.C.A.) 72 F.(2d) 873, 874; Bradstreet Company of Maine v. Commissioner (C.C.A.) 65 F.(2d) 943, 945.

The decision of the Board of Tax Appeals is reversed, and the case remanded to that Board, with directions to enter judgment for the petitioner, there being no deficiency.